Carl David **BAER**, Plaintiff-Appellant,

v.

**R & F COAL COMPANY and Shell Oil Company,** Defendants-Appellees.

No. 85–3060.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 12, 1985.

Decided Jan. 30, 1986.

David Worth (argued), James S. Patrick Co., New Philadelphia, Ohio, for plaintiff-appellant.

David E. Alexander, Thomas E. Palmer, Squire, Sanders, & Dempsey, Columbus, Ohio, L. Chris Butler (argued), Houston, Tex., for defendants-appellees.

Before KRUPANSKY and GUY, Circuit Judges, and SUHRHEINRICH, District Judge.*

PER CURIAM.

For the reasons set forth in this opinion, we affirm the district court's grant of summary judgment to the defendants in this Age Discrimination in Employment Act case. 29 U.S.C. § 621 *et seq.*

### I.

In 1978, plaintiff went to work in Cadiz, Ohio, for R & F Coal Company, a wholly owned subsidiary of defendant Shell Oil Company. Three and one-half years later (1981), plaintiff was fired for "not fitting into the management team." Plaintiff contends the real reason for firing was his age (53) and his short tenure with Shell which had brought in younger engineers.

* The Honorable Richard F. Suhrheinrich, United States District Court, Eastern District of Michi-

On November 10, 1982, plaintiff filed an EEOC complaint in California. This suit was instituted on August 12, 1983. Plaintiff's filing was 338 days after his initial notice of termination (December 7, 1981), 315 days after he submitted a letter of resignation, and 299 days after the last day of actual work (January 15, 1982). Pursuant to the provisions of 26 U.S.C. § 626(d)(2), plaintiff had a maximum of 300 days after the alleged unlawful practices occurred to file suit.

Relying primarily on *Aronsen v. Crown Zellerbach*, 662 F.2d 584 (9th Cir.1981), *cert. denied*, 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983), the district court, on November 16, 1984, concluded that plaintiff was time barred because the clock runs from the date "the employee has notice of the unlawful act." 662 F.2d at 593. The district court concluded this date was December 7, 1981. On December 6, 1984, the plaintiff filed a motion for reconsideration.

Plaintiff, on December 13, 1984, also sought to amend his complaint to add a pendent state claim alleging a violation of Ohio Rev.Code Ann. § 4101.17, which prohibits age discrimination. This request to amend came after the district judge had filed his November 16, 1984 opinion and order of summary judgment. The district court denied both the motion to amend and for reconsideration on January 15, 1985. Plaintiff filed a notice of appeal on the same date.

On appeal, plaintiff raises two issues:
1. In a Federal ADEA case, whether the statutory period for filing a charge of discrimination with the Equal Employment Opportunity Commission begins to run from the date the employee is actually separated from his employment.
2. Whether the Federal District Court has abused its discretion in denying a motion for leave to amend the complaint following the granting of the defendants' motion for summary judgment.

gan, sitting by designation.

At oral argument on December 12, 1985, plaintiff conceded that the trial court was correct on Issue 1 and formally withdrew that issue. The concession was predicated upon two prior unreported decisions of this court: *Vance v. General Electric Co.*, 714 F.2d 144 (6th Cir.1983), and *Yanzito v. General Electric Co.*, 745 F.2d 59 (6th Cir.1984). Although unreported, these decisions were appropriately cited and relied upon by defendants pursuant to Rule 24(b) of the Local Rules for the Sixth Circuit Court of Appeals.[1] Both *Vance* and *Yanzito* make it clear that in an age discrimination case it is the date that the employee learns that he will be terminated and not the actual date of termination that starts the clock running on the 180/300 day period for filing an EEOC complaint. 29 U.S.C. § 626(d)(1); *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981).

## II.

Although plaintiff has not withdrawn and still asserts his second issue on appeal, we find it equally without merit.

The complaint in this matter, filed August 12, 1983, in the district court, asserted as its jurisdictional basis the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* Plaintiff's only contention was that plaintiff's employment had been terminated in violation of this Act.

On December 30, 1983, the defendants filed a motion for summary judgment predicated upon plaintiff's failure "to comply with the statute of limitations applicable to this age discrimination case" (App. 15). On November 16, 1984, the Honorable Joseph P. Kinneary, District Judge, granted defendants' motion for reasons which plaintiff has now conceded to be correct.

On December 6, 1984, plaintiff filed what was entitled a motion for reconsideration but was actually a request to the district court to amend its earlier order

[t]o signify that its judgment, and resulting dismissal of Plaintiff's complaint, is not with prejudice to the rights of the Plaintiff to bring an action for age discrimination based on the same operative facts as contained herein in a state forum where Plaintiff has a state cause of action not barred by the limitation period found applicable by this Court for the federal forum.

(App. 22.)

Before the district judge could rule on this motion, plaintiff, on December 13, 1984, filed a second motion for leave to amend (APP. 27). By amendment, plaintiff sought to add an age discrimination claim predicated solely on Ohio law. There was no claim of diversity of citizenship of the parties, and the alleged jurisdictional basis for the amended complaint was the same as the first complaint—the 29 U.S.C. § 621 federal age discrimination claim.

The district court's January 8, 1985 order denying both the motion for reconsideration and the motion for amendment stated as to the latter: "Further, because this action has been disposed of in its entirety, the Court does not believe that plaintiff's motion to amend the complaint is appropriate" (App. 38).

Plaintiff claims that this denial of leave to amend was an abuse of discretion, relying primarily on *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Plaintiff's reliance on *Foman* is totally misplaced. *Foman* was a diversity case where leave to amend was denied "without any justifying reason appearing for the deni-

---

**1.** Rule 24(b) Citation of Unpublished Decisions. Citation of unpublished decision by counsel in briefs and oral arguments in this court and in the district courts within this circuit is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case.

If counsel believes, nevertheless, that an unpublished disposition has precedential value in relation to a material issue in a case and that there is no published opinion that would serve as well, such decision may be cited if counsel serves a copy thereof on all other parties in the case and on the court. Such service may be accomplished by including a copy of the decision in an addendum to the brief.

al." *Id.* at 182. In *Foman* there was no question as to the *jurisdictional basis* for the plaintiff proceeding.

 Here, the only jurisdictional basis alleged by the plaintiff was federal question jurisdiction based upon 29 U.S.C. § 621 *et seq.* His claim under this section had been dismissed by the court prior to his ever seeking leave to amend. Although plaintiff had a motion for reconsideration pending when he filed his motion to amend, he was *not* seeking reconsideration of the court's order of dismissal but only a certification of the court that the dismissal was without prejudice. Since plaintiff had no federal claim pending at the time he sought to add a pendent state claim, he had nothing to which his state claim could be pendent. The posture of the case was no different than if plaintiff had attempted to. file a non-diverse state claim in a federal district court originally.

As the Supreme Court stated in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966):

> Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority ...," U.S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. *Levering & Garrigues Co., v. Morrin*, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062.

383 U.S. at 725, 86 S.Ct. at 1138 (footnote omitted).

 The facts here are much stronger than in *Gibbs*, since there is no need to look to the "substance" of the federal claim since, at that point in time, there was no federal claim. Even where there is a federal claim of substance, *Gibbs* further teaches that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Id.* at 726, 86 S.Ct. at 1139 (footnote omitted).

We find no abuse of discretion in denying the amendment. The judgment of the district court is affirmed.[2]

---

2. In the trial court, in his brief and at oral argument, plaintiff expressed concern that he had lost his right to bring a state action under Ohio law. Nothing herein is intended to be a ruling or commentary on this issue since it is not before us. Any res judicata or collateral estoppel effect of the district court's judgment in this case on a state proceeding would have to be determined by the state court if and when such a proceeding is ever instituted and if and when such a defense is raised.