JOURNAL ENTRY and OPINION
{¶ 1} Appellant Kevin Watson appeals the trial court's granting of summary judgment in favor of Parma Community General Hospital ("Parma Hospital") on his claim that he was discharged in violation of public policy. Watson assigns the following error for our review:
"I. Plaintiff-appellant Kevin Watson ("Watson") contends in this appeal that the trial court erred in granting summary judgment to defendant-appellee Parma Community General Hospital. Watson maintains that since the federal court that decided Watson's federal law claim did not have subject matter jurisdiction over Watson's state law claims that [the] prior federal proceeding did not have res judicata effect upon Watson's state court lawsuit."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} On July 26, 2001, Watson filed a complaint against Parma Hospital in federal court. Watson's federal lawsuit raised claims of retaliation pursuant to Title VII and R.C. 4112.99. In the suit, he alleges in 1997 he was head of the Radiation Safety Program at Parma Hospital. In January 2000, a co-worker of Watson's confidentially informed him that she was pregnant. Watson made an inquiry on behalf of the pregnant employee. During the inquiry, Watson refused to disclose who the pregnant employee was. Watson was subsequently demoted and eventually discharged.
 {¶ 4} Watson claimed his action was protected by state and federal law; consequently, his demotion and discharge constituted retaliatory conduct.
 {¶ 5} On January 7, 2002, the federal court dismissed Watson's federal and state claims, stating in pertinent part:
"The court concludes as a matter of law that it was objectively unreasonable for plaintiff to take the position that he was opposing a Title VII violation in refusing to disclose the name of a pregnant co-worker. Because plaintiff did not engage in protected oppositional activity, the court concludes he has not established a prima facie case of retaliatory discharge and thus has not stated a cause of action."[1]
 {¶ 6} Watson did not appeal the federal court's decision. Instead, six months later, he filed suit in the Cuyahoga Common Pleas Court. In that action, Watson claimed he was terminated for failing to inform superiors at the hospital about safety violations committed by the hospital staff. He argued he was a whistle-blower and his termination violated public policy.
 {¶ 7} Parma Hospital filed a motion for summary judgment based on the doctrine of res judicata. The hospital argued Watson could have raised the whistle-blower claim in federal court with his other claims. The trial court agreed and granted Parma Hospital's summary judgment.
 STANDARD OF REVIEW {¶ 8} We review an appeal from summary judgment under a de novo standard of review.[2] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[3] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving party.[4]
 {¶ 9} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[5] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[6]
 FEDERAL COURT'S JURISDICTION OVER THE NEW ACTION {¶ 10} In his sole assigned error, Watson contends the trial court erred in granting summary judgment in favor of Parma Hospital. Watson argues that res judicata does not bar his state suit because he could not have brought the claim in federal court. He contends the federal court did not have jurisdiction to decide a purely state law claim once it dismissed his federal claim.
 {¶ 11} According to the United States Supreme Court's decision in United Mine Workers v. Gibbs, "if the federal claims are dismissed before trial, * * * the state claims should be dismissed as well."[7] However, there is no mandatory rule that the state claims be dismissed.[8] "Pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."[9] "Trial courts do possess some discretion to decide a pendent state law claim once the federal basis for jurisdiction is dismissed. A trial court must balance the interests * * * when deciding whether to resolve a pendent state claim on the merits."[10]
 {¶ 12} If a plaintiff commences and actually litigates an action in federal court, but omits state law claims that could have been brought under pendent jurisdiction, his or her claim is extinguished upon adjudication and the plaintiff is barred from maintaining a second action on a different theory in state court.[11]
 {¶ 13} To allow the plaintiff to go forward on a different theory in state court would result in claim splitting.[12]
 {¶ 14} Although Watson contends he did not bring a "purely state law" claim in his federal action, our review of the record indicates that he did. Along with stating in the first paragraph of his federal complaint that the trial court had pendant jurisdiction over his claims, Watson brought a state law claim for retaliation. His federal complaint specifically alleges in Count Two:
"8. Parma's adverse employment actions toward Watson as alleged herein constituted retaliation against Watson in violation of the Ohio Revised Code Sections 4112.01 et seq. and 4112.99. * * *."
 {¶ 15} Moreover, Watson requested in his complaint that the federal court, "Find that Parma retaliated against Watson in violation of Title VII and Ohio Law."[13] Therefore, Watson's claim that he did not bring a "purely state law" claim in his federal suit is not supported by the record.
 {¶ 16} In addition, it is evident the federal court did exercise pendent jurisdiction over the state law claim. In its opinion, the federal court noted that Watson was asserting both federal and state law claims. Thus, the record indicates Watson did bring a state claim in the federal court, and the federal court assumed pendent jurisdiction over the state claim. This is not a case where the trial court decided the federal case on the merits and dismissed the pending state claim without prejudice in order for the plaintiff to refile in state court.
 {¶ 17} Watson claims that if he had alleged his whistle-blower claim in his federal action, the federal court would have decided not to exercise its pendent jurisdiction over the claim once the federal Title VII claim was dismissed. We find this conclusion to be speculative. The federal court did exercise pendent jurisdiction over Watson's state retaliation claim. As we stated above, there is no mandatory rule that the federal court dismiss a state claim once the anchoring federal claim is dismissed. Instead, the federal court has discretion in determining whether to exercise its pendent jurisdiction.
 {¶ 18} In Lakewood Congregation of Jehovah's Witnesses,Inc., we held:[14]
"Unless it is clear that the federal court would have declined as a matter of its discretion to exercise jurisdiction over the state claim, that state action is barred in subsequent suits. Restatement of the Law 2d, Judgements (1982) 316, Section 87a, Illustration 1. The congregation has not provided proof that it brought the state claim to the federal court's attention, nor has it shown that the federal court would have declined to exercise jurisdiction over the state claim."[15]
 {¶ 19} By failing to bring the claim before the federal court in the prior suit, we have no way of knowing whether the federal court would have exercised its pendent jurisdiction over the whistle-blower claim. As the Tenth District Federal Circuit court in Nwosun v. General Mills Restaurants[16] stated, "If we were to participate in the speculative gymnastics required to determine whether a federal court would or would not have exercised its supplemental jurisdiction over a state claim never brought, we would be doing a disservice to the policy considerations res judicata protects."[17] Therefore, we cannot speculate now what the trial court would have done.
 {¶ 20} Watson could have avoided this problem by joining all his claims in the federal suit, instead of attempting to split them between the federal and state courts. We conclude, given the circumstances, the trial court did not err by granting summary judgment in the hospital's favor. Watson's sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, A.J., and Frank D. Celebrezze, Jr., J., concur.
[1] Watson v. Parma Community General Hosp. (N.D. Ohio, 2002), Case No. 1:01CV1816.
[2] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35; NortheastOhio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs. (1997),121 Ohio App.3d 188.
[3] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[4] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317,327.
[5] Dresher v. Burt, 75 Ohio St.3d 280, 292-293,1996-Ohio-107.
[6] Id. at 293.
[7] United Mine Workers v. Gibbs (1966), 383 U.S. 715, 726,16 L.Ed. 2d 218, 86 S.Ct. 1130 (1966).
[8] See Carnegie-Mellon Univ. v. Cohill (1988), 484 U.S. 343,350, 98 L.Ed. 2d 720, 108 S.Ct. 614 n. 7; Rosado v. Wyman
(1970), 397 U.S. 397, 403-05, 25 L.Ed. 2d 442, 90 S.Ct. 1207.
[9] Baer v. R F Coal Co. (C.A. 6, 1986), 782 F.2d 600, 603
(quoting Gibbs, 383 U.S. at 726); Roberts v. Troy (C.A. 6, 1985), 773 F.2d 720, 726; Huntington Mortgage Co. v. Shanker
(1993), 92 Ohio App.3d 144.
[10] Aschinger v. Columbus Showcase Co. (C.A. 6, 1991),934 F.2d 1402, 1412, quoting Province v. Cleveland Press PublishingCo. (C.A. 6, 1986), 787 F.2d 1047, 1055.
[11] Kale v. Combined Ins. Co. (C.A. 1, 1991), 924 F.2d 1161,1165; Shaver v. F.W. Woolworth Co., (C.A. 7, 1988),840 F.2d 1361, 1368; Delal v. Alliant Techsystems, (1996),934 P.2d 830.
[12] Kale, supra.
[13] Federal Complaint, page 3.
[14] (1984), 20 Ohio App.3d 338.
[15] Id. at 340.
[16] (C.A. 10, 1997), 124 F.3d 1255.
[17] Id. at 1258.