DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Phillip Morris, Inc., n.k.a. Phillip Morris USA Inc. ("Phillip Morris"), has appealed from a judgment of the Medina County Court of Common Pleas that certified a class in an action against it under the Consumer Sales Practices Act. The Appellees/Cross-Appellants, Catherine Marrone and Greg and Eva Phillips, on behalf of themselves and as representative members of a class of plaintiffs ("the plaintiffs"), cross-appeal from the judgment, challenging the failure of the trial court to certify their fraud claims as a class action. This Court affirms.
 I. {¶ 2} The plaintiffs filed this action against Phillip Morris, alleging that Phillip Morris had misrepresented the Virginia Slims Lights and Marlboro Lights ("Light") cigarettes that it sold them. The plaintiffs' allegations focused primarily on the design of the Light cigarettes, including that the tobacco itself was not substantially different from that of regular cigarettes but that tar and nicotine delivery was designed to be reduced primarily through the use of tiny vent holes in the filter. According to the plaintiffs, because the cigarettes were tested on a smoking machine, that smoked at a uniform rate and did not cover the vent holes, the testing confirmed that the cigarettes delivered less tar and nicotine. They further alleged, however, that the machine smoking tests did not accurately measure tar and nicotine levels because, among other things, the machine did not mimic actual smoking conditions. Subsequent studies have revealed that most smokers of Light cigarettes, partly due to inadvertence and partly to compensate for the filter's reduction of tar and nicotine, cover the vent holes in the filter, inhale deeper or more frequently, or smoke more cigarettes. Smokers who "compensate" in either of these ways will not, in fact, inhale less tar and nicotine by smoking Light cigarettes, but might actually receive more.
 {¶ 3} The essence of the plaintiffs' allegations were that Phillip Morris misrepresented the Light cigarettes as "low tar" and that it failed to disclose to consumers that the tobacco content of the "Light" cigarettes was not significantly different from regular cigarettes and that the delivery of lowered tar and nicotine was dependent on the vent holes in the filters, which must remain uncovered by the smoker's lips and fingers while the cigarettes are smoked.
 {¶ 4} The plaintiffs alleged that Phillip Morris had represented its Light cigarettes to have an attribute (lowered tar and nicotine) that they did not. They alleged causes of action under the Consumer Sales Practices Act and in common law fraud. The plaintiffs sought damages in the form of a refund of the purchase price of all the Light cigarettes that they had bought from Phillip Morris because they had purchased products that did not, in most cases, deliver lowered tar and nicotine, as Phillip Morris had represented they would.
 {¶ 5} The plaintiffs moved for class certification of all of their claims. The trial court certified a class on the claims under the Consumer Sales Practices Act but did not certify a class action on the fraud claims. Phillip Morris has appealed the class certification on the Consumer Sales Practices Act claims. The plaintiffs have cross-appealed the trial court's failure to certify their fraud claims as a class action.
 II. Assignment of Error
"The trial court erred in certifying a Consumer Sales Practices Act ("CSPA") class action."
 {¶ 6} Phillip Morris contends that the trial court erred in certifying a class in the plaintiffs' action under the Consumer Sales Practices Act. It initially argues that, in addition to the requirements of Civ.R. 23, to maintain a class action under the Consumer Sales Practices Act, there must have been a prior determination that the acts alleged by the plaintiffs constituted deceptive or unconscionable acts or practices under the Act. R.C.1345.09(B) provides that consumers may recover damages in a class action only if:
"[T]he violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02 or1345.03 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code[.]"
 {¶ 7} Thus, in addition to all the requirements of Civ.R. 23, before a class action can be maintained under the Consumer Sales Practices Act, there must have been, before the alleged acts were committed by the defendant, a determination that the alleged acts violated either R.C. 1345.02 (unfair or deceptive acts) or R.C.1345.03 (unconscionable acts). The determination must have been in the form of either an administrative rule or a court decision that was made available for public inspection with the attorney general. R.C. 1345.09(B).
 {¶ 8} Although the parties fully briefed this issue below, the trial court did not explicitly address whether there had been such a prior determination. Phillip Morris suggests that the trial court's failure to explicitly find a "prior determination" constituted reversible error. R.C. 1345.09(B) does not require an explicit finding by the trial court, however, and courts have held that this issue is not an issue for the fact finder but is decided as a matter of law. See, e.g., Fit `N' Fun Pools, Inc.v. Shelly (Jan. 3, 2001), 9th Dist. No. 99CA0048. Consequently, this Court will address the substantive argument of Phillip Morris: whether the plaintiffs demonstrated that there had been the requisite prior determination that the acts alleged constituted deceptive acts or practices under the Consumer Sales Practices Act.
 {¶ 9} The plaintiffs pointed to several judicial decisions that were made available for public inspection under R.C.1345.05(A)(3). See, e.g., Amato v. Gen. Motors Corp. (1982),11 Ohio App.3d 124; State ex rel. Fisher v. Natl. InformationGroup (Oct. 19, 1994), Franklin C.P. No. 93CVH09-6323; State exrel. Celebrezze v. Hi-Lo Oil Co., Inc. (July 31, 1985), Franklin C.P. No. 85-CV-01-518; Brown v. Introductions Internatl., Inc.
(Sept. 29, 1975), Lucas C.P. 74-2529. In each of the cited cases, the defendant had represented its product to be of a certain quality or to contain certain attributes that it did not and those misrepresentations were found to constitute deceptive acts within the meaning of Ohio's Consumer Sales Practices Act.
 {¶ 10} For example, in State ex rel. Celebrezze v. Hi-Lo OilCo., Inc., the defendant represented to consumers that it was selling two different grades of gasoline from two different pumps when in fact all the gasoline was the same and came from the same tank. That type of misrepresentation was not significantly different from the acts alleged by the plaintiffs in this case. The plaintiffs alleged that Phillip Morris represented that its Light cigarettes were significantly different from its regular cigarettes and that they contained an attribute that they did not. According to the plaintiffs, Phillip Morris represented that its Light cigarettes would deliver lower tar and nicotine than its regular cigarettes when, given what it knew about the smoking behavior of most smokers, the product would not in fact have that attribute.
 {¶ 11} Although Phillip Morris suggests that the plaintiffs were required to point to a prior determination involving misrepresentations about tobacco products, it fails to cite any legal authority to support such a rigid construction of the legislature's requirement that there be a prior determination that the alleged conduct is deceptive. The Consumer Sales Practices Act focuses on acts and practices, not products. See, e.g., R.C. 1345.02 and 1345.03.
 {¶ 12} The cases cited by the plaintiffs, particularly Stateex rel. Celebrezze v. Hi-Lo Oil Co., Inc., were sufficient to constitute prior determinations, within the meaning of R.C.1345.09(B), that the specific alleged conduct of Phillip Morris constituted a deceptive act or practice. Therefore, the plaintiffs satisfied this threshold requirement for maintaining a class action under the Consumer Sales Practices Act.
 {¶ 13} Thus, this Court turns to the arguments of Phillip Morris that this class was improperly certified under Civ.R. 23. "A trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." Marks v.C.P. Chem. Co., Inc. (1987), 31 Ohio St.3d 200, syllabus. There are seven requirements that must be satisfied before an action may be maintained as a class action under Civ.R. 23:
"(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met."Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67, 71, citing Civ.R. 23(A) and (B) and Warner v. Waste Mgt., Inc. (1988),36 Ohio St. 3d 91.
 {¶ 14} The trial court found that each of the seven requirements had been met. As to the seventh requirement, the trial court found that the plaintiffs had satisfied the requirement of Civ.R. 23(B)(3) that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy[.]"
 {¶ 15} Phillip Morris does not dispute that the plaintiffs established the first five class action requirements: an identifiable class, that the representatives were members of the class, that joinder of all members was impracticable, questions of law and fact are common to the class, and that the claims or defenses of the representatives were typical of those of the class. Phillip Morris challenges only the trial court's determination that the plaintiffs had established that the representatives "fairly and adequately protect the interests of the class" and that they had met the predominance and superiority requirements of Civ.R. 23(B)(3). This Court will address each challenge in turn.
 Adequate Representation {¶ 16} Phillip Morris contends that the trial court abused its discretion in determining that the interests of the class would be adequately represented. The Civ.R. 23(A)(4) requirement of adequacy of representation is generally divided into two components: a consideration of the adequacy of the representatives and the adequacy of counsel. Marks,31 Ohio St.3d at 203. Phillip Morris challenges only the adequacy of the representatives.
 {¶ 17} "A representative is deemed adequate so long as his interest is not antagonistic to that of other class members."Warner, 36 Ohio St.3d at 98, citing Marks, 31 Ohio St.3d at 203. Phillip Morris does not point to any evidence of a conflict of interest between the representatives and other members of the class. Instead, Phillip Morris asserts that the class representatives would not adequately represent the entire class because they have limited their claims to economic damages, and some members of the class might later wish to file personal injury claims that arise out of the same alleged misrepresentations. According to Phillip Morris, because Ohio prohibits the splitting of claims that arise out of the same set of facts, if this class action is allowed to proceed, any future personal injury actions by members of the class would be barred by the doctrine of res judicata.
 {¶ 18} Phillip Morris points to no Ohio case law, and this Court was unable to find any, to support its position that class representatives must be deemed inadequate merely because there may be other members of the class with additional claims to assert that stem from the same alleged facts. In fact, this Court found Ohio case law that explicitly rejected such an argument. InJenkins v. Fidelity Fin. Servs. of Ohio (1999), 8th Dist. No. 75439, the Eighth District Court of Appeals held that the class representatives met the adequacy requirements despite the fact that they were pursuing only statutory claims and other members of the class may have additional claims to pursue. The Jenkins
court noted that other class members who wished to pursue additional claims had the right to opt out of the class. Id. Moreover, the court stressed that there was no evidence before it that there were in fact members of the class that would desire to file the additional claims, pointing to the lack of such separate actions that had been filed against the defendant at that time. Id.
 {¶ 19} Because, in this case, the trial court certified the class pursuant to Civ.R. 23(B)(3), it is required to issue notice to all class members that it can identify through reasonable effort and the notice "shall advise each member that (a) the court will exclude him from the class if he so requests by a specified date; [and] (b) the judgment, whether favorable or not, will include all members who do not request exclusion[.]" Civ.R. 23(C)(2). Any members of the class who wish to individually pursue personal injury actions may preserve those rights by opting out of the class.
 {¶ 20} Moreover, even if there are members of the class who may later desire to file personal injury actions, and they fail to opt out of the class, their rights to file future personal injury actions will not necessarily be precluded. It is true, as Phillip Morris contends, that Ohio follows the transactional approach to the doctrine of res judicata as set forth in 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25:
"A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. (* * *; 1 Restatement of the Law 2d, Judgments [1982], Sections 24-25, approved and adopted.)" Grava v. ParkmanTwp. (1995), 73 Ohio St.3d 379, syllabus.
 {¶ 21} Because the Ohio Supreme Court explicitly approved and adopted the general rule on claim splitting, as set forth in 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25, this Court must presume that it would likewise follow the exceptions to that rule, which are set forth in 1 Restatement of the Law 2d, Judgments (1982), Section 26. That section provides, in relevant part:
(1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
* * *
(b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action; or
(c) The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the * * * restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief[.]
 {¶ 22} The exception set forth in subsection (b) has been asserted by the plaintiffs in this action from the beginning. They maintained that the trial court could prevent any problem of precluding future personal injury actions of absent class members by explicitly reserving that right. Although Phillip Morris stresses that the trial court has not yet specifically reserved such rights, it still has the power to do so until it enters a final judgment in this case.
 {¶ 23} Moreover, the second exception listed above is relevant here as well. Because only certain types of claims are suitable for class treatment, the plaintiffs in a class action may be limited to pursuing only some of their claims. For that reason, a class action "`is one of the recognized exceptions to the rule against claim-splitting.'" Gunnells v. HealthplanServs. (C.A.4, 2003), 348 F.3d 417, 432, quoting 18 Moore, Federal Practice (2002) Section 131.40(3)(e)(iii), citing 1 Restatement 2d of Judgments Section 26(1)(c).
"[Plaintiffs] who have claims not raised in this class action because the claims are unsuitable for class treatment can bring those claims on an individual basis, and res judicata will not bar those claims because absent class members had no opportunity to litigate those issues in this lawsuit.
"What defendants have characterized as `splitting' causes of action is perfectly appropriate under Rule 23. It is not uncommon for defendants to engage in a course of conduct which gives rise to a variety of claims, some amenable to class treatment, others not. Those claims that are amenable should be prosecuted as class actions in order to realize the savings of resources of courts and parties that Rule 23 is designed to facilitate." Sullivan v.Chase Inv. Services, Inc. (N.D.Ca. 1978), 79 F.R.D. 246, 265.
 {¶ 24} The plaintiffs also recently pointed this Court to another case that followed this same line of reasoning in a similar "Light" cigarette class action against Phillip Morris. The Supreme Judicial Court of Massachusetts held that principles of claim preclusion would not harm the interests of class members who may desire to pursue personal injury claims in the future because those claims could not have been pursued in the class action because they were not suitable for class treatment.Aspinall v. Phillip Morris Cos., Inc. (2004), 442 Mass. 381,397, fn.19.
 {¶ 25} In this case, the trial court certified the class only as to the plaintiffs' claims under the Consumer Sales Practices Act. By the trial court's limitation on their cause of action, the plaintiffs and all other class members are limited to pursuing only economic damages and cannot recover for any personal injuries. R.C. 1345.09. Any individual personal injury claims of absent class members would not be precluded because those claims cannot be litigated in this action.
 {¶ 26} Consequently, Phillip Morris has failed to demonstrate that the trial court abused its discretion by concluding that the class representatives would fairly and adequately represent the interests of the class.
 Civ.R. 23(B) Predominance and Superiority {¶ 27} The trial court certified this class pursuant to Civ.R. 23(B)(3), which provides that an action may be maintained as a class action if, in addition to the prerequisites of subdivision (A):
"the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."
 {¶ 28} Phillip Morris contends that individual issues predominate in this case because each class member's smoking behavior and reasons for purchasing Light cigarettes would be different, thus necessitating individual proof on these issues. Phillip Morris focuses its argument primarily on authority from other jurisdictions, however, and fails to recognize that the Ohio Supreme Court has repeatedly held that claims arising from written misrepresentations that are common to the entire class are particularly suited for class action treatment. See, e.g.,Baughman v. State Farm Mut. Auto. Ins. Co. (2000),88 Ohio St.3d 480; Cope v. Metropolitan Life Ins. Co. (1998),82 Ohio St.3d 426; Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67.
 {¶ 29} Where the alleged misrepresentations or material omissions are virtually the same across a large number of potential plaintiffs, the Supreme Court has stressed that the class action devise provides a benefit to both plaintiffs and defendants alike:
"Frequently numerous consumers are exposed to the same dubious practice by the same seller so that proof of the prevalence of the practice as to one consumer would provide proof for all. Individual actions by each of the defrauded consumers is often impracticable because the amount of individual recovery would be insufficient to justify bringing a separate action; thus an unscrupulous seller retains the benefits of its wrongful conduct. A class action by consumers produces several salutary by-products, including a therapeutic effect upon those sellers who indulge in fraudulent practices, aid to legitimate business enterprises by curtailing illegitimate competition, and avoidance to the judicial process of the burden of multiple litigation involving identical claims. The benefit to the parties and the courts would, in many circumstances, be substantial." Cope,82 Ohio St.3d at 429, quoting with approval Vasquez v. SuperiorCourt of San Joaquin Cty. (1971), 4 Cal.3d 800, 808,484 P.2d 964.
 {¶ 30} "[A] claim will meet the predominance requirement when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position." Id. at 429-430, quoting Lockwood Motors, Inc. v. Gen.Motors Corp. (D.Minn. 1995), 162 F.R.D. 569, 580.
 {¶ 31} Moreover, this same line of cases has obviated the need to prove reliance as to each and every plaintiff. As theCope court further held:
"It is not necessary to establish inducement and reliance upon material omissions by direct evidence. When there is nondisclosure of a material fact, courts permit inferences or presumptions of inducement and reliance. Thus, cases involving common omissions across the entire class are generally certified as class actions, notwithstanding the need for each class member to prove these elements." Id. at 436.
 {¶ 32} Where the class alleges that the defendant made the same misrepresentations, or material omissions, to the entire class "an inference of inducement and reliance would arise as to the entire class, thereby obviating the necessity for individual proof on these issues." Id.
 {¶ 33} Phillip Morris has failed to distinguish the misrepresentations at issue in the Supreme Court cases from those alleged in this case. The plaintiffs alleged that Phillip Morris made the same written representation to every member of the class by putting the words "light," "low tar," and/or "lowered tar and nicotine" on every package of Light cigarettes that it sold, despite having information that the representation would not hold true for most consumers who smoked the cigarettes. They also alleged that Phillip Morris had failed to disclose to any member of the class that any reduction in tar and nicotine delivery was dependent on smoking the cigarettes in a particular manner. As the alleged misrepresentations and material omissions were the same for every member of the class, there is no reason to distinguish the reasoning of the Ohio Supreme Court quoted above.
 {¶ 34} Phillip Morris further alleges that the class is not manageable and, in particular, that the plaintiffs cannot prove that they suffered any damage, nor can they quantify their damages.[1] The plaintiffs have alleged, however, that they purchased a product that was not what it purported to be. They seek an entire refund of their purchase price. In a similar case in another jurisdiction, the plaintiff class was certified on the following theory of damages: because the Light cigarettes had been misrepresented, damages would equal the difference in market value between the Light cigarettes that consumers actually received and the value of the Light cigarettes as represented.Aspinall, 442 Mass. at 392, fn.17. That court explicitly rejected "the proposition that the purchase of an intentionally falsely represented product cannot be, by itself, an ascertainable injury under our consumer protection statute." Id.
 {¶ 35} Phillip Morris further contends that, even if purchase price is an appropriate measure of damages, the plaintiffs will never be able to prove how many packs of cigarettes they purchased because they did not likely keep receipts. That argument fails to recognize, however, that others have probably kept the plaintiffs' records for them. The sale of cigarettes is subject to government regulation and retailers of cigarettes likely must compile very specific sales records. Because the class was defined as all persons who purchased Light cigarettes in Medina, Ashland, Cuyahoga, Lorain, Summit, and Wayne Counties during a specific time frame, damages could probably be calculated fairly easily by determining from sales records the number of packages of Light cigarettes sold during the relevant time period by cigarette retailers in this geographic region. SeeAspinall.
 {¶ 36} Phillip Morris has failed to demonstrate that the trial court abused its discretion by determining that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Civ.R. 23(B)(3). Because this Court found no merit in any of its challenges to class certification, the assignment of error of Phillip Morris is overruled.
 Cross-Assignment of Error
"The trial court erred in failing to certify a class based on plaintiffs' fraud claim."
 {¶ 37} In their cross-assignment of error, the plaintiffs contend that the trial court erred in failing to certify their fraud claims as a class action. The trial court indicated in its order that it would not certify the fraud claims as a class action, but it did not articulate any reasons for its failure to certify the class. On appeal, the plaintiffs make a one and one-half page general argument that class actions may be maintained in fraud cases. They do not make a specific factual argument, nor do they point to any supporting evidence in the record. See App.R. 16(A)(7).
 {¶ 38} Because the trial court gave no reasons for its refusal to certify the class, that decision could have been based on any or all of the seven different class certification criteria. The plaintiffs make no argument under any of the class certification prongs, nor do they assert that their fraud claims should have been certified for the same reasons as their claims under the Consumer Sales Practices Act.
 {¶ 39} Moreover, as this Court recognized in its disposition of the assignment of error of Phillip Morris, concerns about potential personal injury claims of absent class members could have supported the trial court's decision to limit the plaintiffs to claims under the Consumer Sales Practices Act because personal injury claims would not, and could not, be litigated. The plaintiffs have not argued that the trial court would have erred by certifying their statutory claims at the expense of their common law claims for that reason, nor have they argued that they were prejudiced by that ruling. This Court is not obligated to make their argument for them and it is not inclined to do so. SeeIrvine v. Akron Beacon Journal, 147 Ohio App.3d 428,2002-Ohio-2204, at ¶ 67. The cross-assignment of error is overruled.
 III. {¶ 40} The assignment of error of Phillip Morris is overruled. The plaintiffs' cross-assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to the Appellants and Cross-Appellant.
Exceptions.
Carr, P.J., Whitmore, J., Concurs.
[1] Although Phillip Morris also argues that the class is not manageable because of the need for individual proof, that argument was disposed of by the predominance discussion.