[Cite as *Ohio Kentucky Oil Corp. v. Nolfi*, 2013-Ohio-5519.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| OHIO KENTUCKY OIL CORPORATION, ET AL | : | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiffs-Appellees | : | |
| -vs- | : | Case No. 2013CA00084 |
| GREGORY M. NOLFI, AS SUCCESSOR TRUSTEE, ET AL | : | O P I N I O N |
| Defendants-Appellants | | |

CHARACTER OF PROCEEDING:       Civil appeal from the Stark County Court of
                                                          Common Pleas, Case No. 2006CV00078

JUDGMENT:                                     Reversed and Remanded

DATE OF JUDGMENT ENTRY:       December 16, 2013

APPEARANCES:

For Plaintiffs-Appellees                     For Defendants-Appellants

DAVID BUTZ                                    ERIC LEVASSEUR
ALETHA CARVER                             STEVEN MINTZ
OWEN RARRIC                                 DENNIS ROSE
Krugliak, Wilkins, Griffiths                 Hahn, Loeser & Parks LLP
and Dougherty, Co., L.P.A.               200 Public Square, Ste. 2800
4775 Munson Street N.W.                  Cleveland, OH 44114
Canton, OH 44735-6963

*Gwin, P.J.*

{¶1} Appellants appeal the February 28, 2013 judgment entry of the Stark County Common Pleas Court granting appellees' motion for summary judgment in part and dismissing appellants' counterclaims one, three, four, five, six, seven, and eight based on res judicata.

*Facts & Procedural History*

{¶2} Appellants are collectively referred to in this litigation as the "Nonneman parties" and include: Gregory M. Nolfi as Successor Trustee of the Frederick E. Nonneman ("Nonneman") Declaration of Trust Dated August 19, 1994, as Amended; Rena Nonneman, Frederick's widow to whom he assigned a fifty percent interest in his oil and gas investments, and Anita Nonneman, Frederick's daughter and executrix of his estate. Appellees are referred to as the "OKO parties" and include: Ohio Kentucky Oil Corporation ("OKO"), Carol Campbell ("Campbell") as President of OKO, and Carol Campbell as executrix of the estate of William M. Griffith.

{¶3} OKO is an Ohio corporation engaged in oil and natural gas drilling in Kentucky, Tennessee, and Pennsylvania. This case originated from a series of investments made by Frederick E. Nonneman with OKO. Nonneman began investing with OKO in 1986 in oil and gas partnerships and joint ventures. Nonneman invested $6,520,995 with OKO between 1986 and 2001. In 2001, he substantially increased his rate of investment with OKO and between 2001 and 2003 invested $8,383,046 with OKO in his individual capacity. In 2003, Gregory Nolfi ("Nolfi") assumed management of Frederick Nonneman's business affairs as successor trustee.

{¶4} On December 22, 2004, the Nonneman parties filed suit in the Cuyahoga County Common Pleas Court against the OKO parties alleging undue influence, breach of contract, and common law fraud. The Nonneman parties voluntarily dismissed the action on January 5, 2006. On January 6, 2006, the OKO parties filed a complaint in the Stark County Court of Common Pleas, seeking declaratory judgment on the same issues the Nonneman parties previously brought in the Cuyahoga County action. The Nonneman parties asserted numerous counterclaims, including claims that the OKO parties committed securities fraud by making false or misleading statements and/or omissions of material fact when selling securities in their oil and gas drilling programs and sold securities that were not registered or properly exempt from registration.

{¶5} On February 2, 2006, the Nonneman parties filed suit in the United States District Court for the Northern District of Ohio, alleging the OKO parties committed federal securities fraud under Section 10(b) of the Securities Exchange Act of 1934, Rule 10b-5, and failed to properly register the securities pursuant to federal law. The Nonneman parties amended their federal court complaint in July of 2006 to include state law claims of securities fraud under Ohio law, sale of unregistered securities under Ohio law, common law fraud, breach of fiduciary duty, and breach of contract. In July of 2006, the Nonneman parties filed a motion to stay the Stark County case pending the resolution of the federal case. The OKO parties objected to the motion to stay. On September 27, 2006, the Stark County trial judge granted the Nonneman parties' motion to stay and stayed the Stark County case pending the resolution of two consolidated actions in federal district court captioned *Gregory M. Nolfi, as Successor Trustee under the Frederick E. Nonneman Declaration of Trust Dated August 19, 1994, as Amended,*

*et al. v. Ohio Kentucky Oil Corp., et al.,* and *Fencorp Co. v. Ohio Kentucky Oil Corp., et al.*

{¶6} The OKO parties filed a motion to dismiss for failure to state a claim and a motion to dismiss first amended complaint in the federal court case. In their motions, the OKO parties argued the Nonneman parties' federal securities claims should be dismissed for failure to state a claim and that the federal court should, pursuant to the doctrine of abstention in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), dismiss or stay the federal case until the completion of the state court proceeding. The Nonneman parties objected to the motion. In a September 28, 2007 judgment entry, the federal district judge stated as follows:

> The Court will not decide the Ohio Blue Sky and Ohio common law claims set forth in the Third through Tenth claims for relief, which were added to the present action when the first amended complaint was filed * * * These claims were originally asserted as counterclaims in the Stark County Action. Because the Court concludes that the considerations of judicial economy, fairness, and convenience do not require the Court to decide these additional claims, the Court declines to exercise jurisdiction in favor of their resolution by the Stark County, Ohio Common Pleas Court.

{¶7} The federal district court thus partially granted the OKO parties' motion to dismiss amended complaint, dismissing the Nonneman parties' state law claims. A

separate party plaintiff, the Fencorp Company, also brought a separate lawsuit against the OKO parties in federal court. The Fencorp action was consolidated with the Nonneman action for trial in the federal district court. The federal district court agreed to exercise jurisdiction over both Fencorp's federal securities fraud claim and its Ohio-law claims.

{¶8}    The federal action proceeded to trial on May 29, 2008. The district court found a rescission theory could provide a proper measure of damages for the Nonneman parties' § 10(b) claims. The jury found in favor of the Nonneman parties on their federal securities claims and determined that rescission damages amounted to $7,700,723 for the Nonneman parties. In a separate interrogatory, the jury also found the amount of damages proximately caused by the OKO parties' fraud was $1,777,909. Despite having found rescissory damages of $7,700,723, the jury listed an award of $1,777,909 on the verdict form. The district court denied the Nonneman parties' subsequent motion to amend the judgment to award the full amount of rescissory damages because the Nonneman parties waived the right to object by failing to file a Fed.R.Civ.P. Rule 49(b) motion.

{¶9}    Both parties appealed the district court's judgment to the United States Court of Appeals for the Sixth Circuit. In a decision dated April 4, 2012, the Sixth Circuit affirmed the district court's decision in *Nolfi v. Ohio Kentucky Oil Corp.*, 675 F.3d 538 (6th Cir. 2012). The Sixth Circuit found that while the jury instructions did not mention damages other than rescissory damages, the instructions also did not require the jury to award rescissory damages in the event the jury decided the Nonneman parties were entitled to damages on the their federal claims. *Id.* "The verdict form suggested in

question 1-G that rescissory damages were the appropriate measure but then in questions 1-H and 1-I gave the jury the opportunity to compute damages based on the losses proximately caused by [OKO parties'] fraud – a measure that does not require rescissory damages." *Id.* at 551. The Sixth Circuit determined that "the jury availed itself of the opportunity afforded by questions 1-H and 1-I and awarded lesser amounts than the amount of rescissory damages." *Id.* While the Sixth Circuit found the interrogatories to be "arguably inconsistent with each other," they also found the Nonneman parties waived the right to object to this inconsistency by failing to file a Fed.R.Civ.P. Rule 49(b) motion. *Id.* at 551-552.

**{¶10}** On April 26, 2012, the Nonneman parties filed a notice in the Stark County action that the federal cases had been resolved. The parties renewed their original motions for summary judgment filed in 2006 and supplemented their motions for summary judgment. The Nonneman parties moved for summary judgment on counterclaim three, the sale of unregistered securities, and counterclaim four, Ohio securities fraud, on the basis of issue preclusion. The OKO parties moved for summary judgment on all of the Nonneman parties' counterclaims, arguing the doctrine of claim preclusion barred the counterclaims because they arose out of the same transactions as the federal securities claims that had been fully adjudicated in the federal district court case.

**{¶11}** In a judgment entry dated February 28, 2013, the trial court granted summary judgment to the OKO parties on each of the Nonneman parties' counterclaims except for counterclaim two for common law fraud. The trial court found that counterclaims one, three, four, five, six, seven, and eight had been fully and fairly

litigated in the federal court proceeding. The trial court also found that "collateral estoppel" barred counterclaims one, three, four, five, six, seven, and eight. The trial court found a genuine issue of material fact precluded summary judgment on counterclaim two for common law fraud. Subsequently, the parties settled the remaining issues in the case and the trial court entered its final judgment on April 26, 2013.

{¶12} Appellants appeal the February 28, 2013 judgment entry of the trial court granting appellees' motion for summary judgment on counterclaims one, three, four, five, six, seven, and eight, and assign the following errors:

{¶13} "I. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES OHIO KENTUCKY OIL CORPORATION AND CAROL CAMPBELL (JUDGMENT ENTRY DATED FEBRUARY 28, 2013).

{¶14} "II. THE TRIAL COURT ERRED BY DENYING APPELLANTS' GREGORY NOLFI, ANITA NONNEMAN, AND RENA NONNEMAN'S MOTION FOR SUMMARY JUDGMENT ON TWO OF THEIR COUNTERCLAIMS (JUDGMENT ENTRY DATED FEBRUARY 28, 2013)."

*Summary Judgment Standard*

{¶15} Civ.R. 56 states, in pertinent part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered

except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

**{¶16}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

**{¶17}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

*Grava and the Restatement Approach to Claim Preclusion*

{¶18} Res judicata can be divided into two separate subparts: claim preclusion and issue preclusion. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226 (1995). The Ohio Supreme Court analyzed the doctrine of claim preclusion in the *Grava* decision in 1995. *Id.* In the syllabus of *Grava*, the Ohio Supreme Court stated that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action" and found that the "1 Restatement of the Law 2d Judgments (1982), Sections 24 – 25 [are] approved and adopted." *Grava*, 73 Ohio St.3d at syllabus. In *Grava,* a property owner filed an initial application for zoning for a proposed business. *Id.* at 379. After his initial application was denied, the property owner then filed a second application seeking zoning for the same building that was the subject of his earlier application under a separate zoning ordinance regarding nonconforming use. *Id.* at 379-380.

{¶19} The Ohio Supreme Court stated that they:

> Expressly adhere to the modern application of the doctrine of res judicata, as stated in 1 Restatement of the Law 2d, Judgments (1982), Sections 24 – 25 and hold that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.

*Id.* at 382. The Ohio Supreme Court thus adopted the "transactional" approach to res judicata. *Id.* The Court determined that Grava's second zoning application was barred by claim preclusion because the zoning applications for the same building derived from the same transaction or the same "common nucleus of operative fact." *Id.* at 382. Grava had a "full and fair opportunity to present his case" during his first zoning application where he did not appeal the denial of the zoning request and "simply failed to avail himself of all available grounds for relief in the first proceeding." *Id.* at 383.

*Restatement Exceptions*

{¶20} The parties differ in their interpretation of the *Grava* case. Appellees contend the decision in *Grava* precludes the state claims of appellants and that the Ohio Supreme Court adopted the transactional approach to res judicata as found in Sections 24 and 25 of the Restatement, but did not adopt the exceptions to claim preclusion found in the Restatement. Appellants contend the *Grava* and Restatement approach to claim preclusion includes the exceptions set forth in the Restatement which are integral parts of the Restatement's doctrine of claim preclusion. We agree with appellants.

{¶21} Restatement Section 24 sets forth the general rule of claim preclusion in two subdivisions. 1 Restatement of the Law 2d, Judgments, Section 24 (1982). After these two subdivisions and prior to the comments, Section 24 includes a sentence that states, "The general rule of this Section is exemplified in § 25, and is subject to the exceptions stated in § 26." Thus, the language contained in Section 24 of the Restatement, a section explicitly adopted by the Ohio Supreme Court, contemplates the use of the exceptions found in Section 25 and Section 26. Further, Section 25, also a section of the Restatement specifically adopted by the Ohio Supreme Court in *Grava*,

contains a comment entitled "State and federal theories or grounds." The comment provides that the general rule of claim preclusion in Section 24 applies as to claims between state and federal courts with the caveat that:

> If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded. See Illustrations 10-11.

1 Restatement of the Law 2d, Judgments, Section 25, Comment (e) (1982). This exception is further explained in an illustration to the text of the Restatement. Illustration 10 describes a situation in which a plaintiff attempts to bring a state antitrust action in state court under a state law after losing a federal antitrust action in federal court. *Id.* "Therefore unless it is clear that the federal court would have declined as a matter of discretion to exercise that jurisdiction * * * the state action is barred." *Id.* This section of the Restatement comports with the Ohio Supreme Court's holding that "[I]t has been long recognized that the doctrine of res judicata applies in a proper case as between federal court and state court judgments." *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (1986).

{¶22} Section 25, Comment (e) also refers to the exception contained in Section 26(1)(c). Section 26 provides that when any of the following circumstances exists, the general rule of Section 24 of claim preclusion does not apply:

(c) The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief * * *

1 Restatement of the Law 2d, Judgments, Section 26 (1982). Comment (c) to Section 26 of the Restatement explains that the general rule of claim preclusion in Section 24 is based upon the assumption that the jurisdiction in which the first judgment was rendered put "no formal barriers" to prevent their theories of recovery or claims for relief. *Id.* at Comment (c). Thus, if "formal barriers" exist against a plaintiff in the first action, "it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first." *Id.*

{¶23} In *Grava*, the Ohio Supreme Court did not indicate that it was adopting only certain portions of Restatement Sections 24 and 25 or limit its holding to the language of the Restatement sections to the exclusion of the detailed comments and notes accompanying each section. In fact, in the *Grava* decision, the Ohio Supreme Court quotes from the comments contained in the Restatement. 73 Ohio St.3d at 381. As noted above, the sections adopted by the Ohio Supreme Court in *Grava* (Sections 24 and 25) both refer to the exceptions contained in Section 26. While appellees cite to *Stanfield v. Osborne Indus., Inc.*, 949 P.2d 602 (Kan. 1997), in which the Kansas

Supreme Court declined to recognize the pendent jurisdiction exception to claim preclusion, this case represents a minority position and, as noted by a Wisconsin court, "[m]ost state courts * * * have held that where it is clear that the federal court would have declined jurisdiction over related state claims which could have been raised in the federal action through pendent jurisdiction * * * a later action in state court on the state claims is not barred by res judicata."  *Parks v. City of Madison*, 492 N.W.2d 365, 369 (Wis. App. 1992), citing as examples, *Terrell v. City of Bessemer*, 406 So.2d 337 (Ala. 1981); *Puckett v. City of Emmett*, 747 P.2d 48, 51 (Idaho 1987); *Jeanes v. Henderson*, 688 S.W.2d 100 (Texas 1985); *Sattler v. Bailey*, 400 S.E.2d 220, 226-27 (W.Va. 1990).

**{¶24}** Ohio courts have generally accepted the principles set forth in the Restatement in addressing res judicata issues.  See, e.g., *Marrone v. Phillip Morris USA, Inc.*, 9th Dist. Medina No. 03CA0120-M, 2004-Ohio-4874, *reversed on other grounds in Marrone v. Philip Morris USA, Inc.*, 110 Ohio St.3d 5, 850 N.E.2d 31, 2006-Ohio-2869 (stating that because the Ohio Supreme Court approved and adopted Sections 24 – 25 of the Restatement "this Court must presume that it would likewise follow the exceptions to that rule which are set forth in 1 Restatement of the Law 3d, Judgments (1982), Section 26"); *Price v. Carter Lumber Co.*, 9th Dist. Summit No. 24991, 2010-Ohio-4328 (citing the exception in Restatement Section 26, but finding plaintiff failed to show the federal court dismissed his state claims).

**{¶25}** Further, other courts of appeals have determined that when a federal court declines to exercise pendent jurisdiction over state claims in a federal action, there is no prior valid judgment on the merits as required for the utilization of claim preclusion. *Bush v. Dictaphone Corp.*, 10th Dist. Franklin No. 98AP-585, 1999 WL 178370 (stating

that "under the well-established authority finding that a dismissal premised on a decision not to exercise supplemental jurisdiction does not constitute a final judgment on the merits so as to invoke the principles of res judicata, we similarly find that the federal district court's decision here did not reach a final decision on the merits") *Saha v. Research Institute at Nationwide Children's Hospital*, 10th Dist. Franklin No. 12AP-590, 2013-Ohio-4203 (finding when plaintiff raised state law claims before the federal court and the court declined to exercise jurisdiction over those claims there is no prior valid judgment on the merits); *Johnson v. Cleveland City School District*, 8th Dist. Cuyahoga No. 94214, 2011-Ohio-2778 (finding there was no final judgment on the merits in the federal action as to state claims when a federal court declined to exercise pendent jurisdiction over the remaining state claims).

{¶26} We find the instant case falls squarely within the exceptions contained in Section 25 and Section 26 of the Restatement. Pursuant to Restatement Section 25, the federal district court clearly declined to exercise its discretionary jurisdiction over the state claims by stating that "the Court will not decide the Ohio Blue Sky and Ohio common law claims set forth * * * the Court declines to exercise jurisdiction in favor of their resolution by the Stark County Ohio Common Pleas Court." Further, pursuant to Restatement Section 26, "formal barriers" existed against appellants in the first action which make it unfair to preclude them from a second action. The federal district court specifically declined jurisdiction of the state court claims and appellants could not seek the remedies of full rescissory damages or joint and several liability of the appellees as contemplated by R.C. 1707.43(A), the Ohio code section detailing remedies for violations of Ohio securities law.

{¶27} In this case, the facts are not analogous to the *Grava* case in which the plaintiff failed to avail himself of all available grounds for the zoning variance in his first proceeding. Here, appellants did avail themselves of all the various grounds for relief in the first proceeding. They asserted their claims in the federal action, as required by the transactional doctrine of claim preclusion. Unlike the plaintiff in *Grava*, appellants could not litigate their state claims in the first case through no fault of their own. The federal district court had the power to hear the state law claims as a matter of pendent jurisdiction. However, the exercise of this pendent jurisdiction is discretionary and the federal district court specifically declined to entertain the pendent state claims raised in appellants' federal action. Instead, the district court dismissed the state law claims and reserved appellants' right to pursue the matter in the Stark County action. Appellants did not have a full and fair opportunity to litigate the state law claims in federal court.

*Single Recovery Argument*

{¶28} Appellees argue that even if Ohio recognizes the exceptions to claim preclusion contained the Restatement, the exceptions are not applicable because appellants are entitled to only one recovery. Appellees contend appellants could obtain the same relief in state court as they could in federal court, namely, rescissory damages. Thus, appellants were not denied an available remedy when the federal court declined to exercise pendent jurisdiction over appellants' state law claims. We disagree.

{¶29} In this case, the remedy of rescissory damages is available to appellants in the Stark County action pursuant to R.C. 1707.43(A). In the federal case, the jury found the amount of rescissory damages was $7,700,723 and found the amount of

damages proximately caused by appellees' misrepresentations to be $1,777,909. However, in the jury verdict form, the jury awarded appellants a total of $1,777,909, assessing appellee Carol Campbell liability of $296,318 and appellee OKO liability of $1,481,591. As noted by the Sixth Circuit Court of Appeals, though rescissory damages were included in the jury instructions as a permissible measure of damages for the federal claims, the instructions "did not require the jury to award rescissory damages in the event it decided plaintiffs were entitled to damages on the federal claims." *Nolfi*, 675 F.3d 538 at 551. While Interrogatory I-G suggested rescissory damages was an appropriate measure of damages "question 1-H and 1-I gave the jury the opportunity to compute damages based on the losses proximately caused by defendants' fraud – a measure that does not require rescissory damages. The jury availed itself of this opportunity afforded by questions 1-H and 1-I and awarded lesser amounts than the amount of rescissory damages." *Id.*

{¶30} As explained by the Sixth Circuit in *Nolfi*, both proximate cause damages and, in some cases depending upon the facts, rescissory damages, are available as the measure of damages for violations of federal securities law. *Id.* at 550, citing 15 U.S.C. § 78-u4(b)(4) and (f). Unlike the federal statute, Ohio state law permits only rescission as the measure of damages for state securities fraud. R.C. 1707.43(A) (seller is liable "for the full amount paid by the purchaser"). Further, under federal law, there is joint and several liability only if there is a specific finding by the trier of fact that the violation of securities law was done "knowingly." 15 U.S.C. § 78-u(f)(2)(A). Otherwise, federal securities law requires the jury to apportion liability between OKO, Campbell, and any other person responsible for committing the fraud. *Id.* No such specific finding is

required by Ohio law for joint and several liability. R.C. 1707.43(A). Accordingly, an award for rescissory damages in the Stark County action would not be duplicative or result in a double recovery for appellants. We also note that appellants have stipulated that the proximate cause damages awarded by the federal judgment should be subtracted from any recovery of rescissory damages in the Stark County action.

*Waiver Exception*

**{¶31}** Appellants argue the trial court also erred in not applying the waiver exception contained in Section 26(1)(a) of the Restatement to the general rule of claim preclusion. We agree. As noted above, Section 24 of the Restatement, specifically adopted by the Ohio Supreme Court in *Grava,* states that "[t]he general rule of this Section is exemplified in § 25, and is subject to the exceptions stated in § 26." 1 Restatement of the Law, 2d, Judgments, Section 24 (1982). Section 26 of the Restatement provides that:

> (1) When any of the following circumstances exists, the general
>
> rule of § 24 does not apply to extinguish the claim, and part
>
> or all of the claim subsists as a possible basis for a second
>
> section by the plaintiff against the defendant:
>
> (a) The parties have agreed in terms or in effect that the plaintiff may split
>
> his claim, or the defendant has acquiesced therein.

1 Restatement of the Law 2d, Judgments, Section 26 (1982). The comments to the Restatement explain that the rule of § 24 is "not applicable where the defendant consents, in express words or otherwise, to the splitting of the claim" and "the failure of the defendant to object to the splitting of the plaintiff's claim is effective as an

acquiescence in the splitting of the claim." *Id.* at Section 26, Comment (a). See also *Davis v. Sun Oil Co.*, 148 F.3d 606 (6th Cir. 1998) (finding that § 26 of the Restatement adopted in *Grava* precludes claim-splitting except where "the parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein.")

{¶32} In this case, appellees failed to object to the splitting of the state and federal securities claims when the federal district court declined to exercise pendent jurisdiction over appellants' state law claims. Further, in their amended motion to dismiss pursuant to Civil Rule 12(B)(2) filed in federal court, appellees requested the federal court "dismiss or stay the subject case until completion of the state court proceeding." The district court thus granted appellees' motion in part, declining to exercise jurisdiction over appellants' state law claims "in favor of their resolution by the Stark County, Ohio Common Pleas Court" and dismissing appellants' Ohio law claims. We find appellees' failure to object to the splitting of the claim and amended motion to dismiss requesting a dismissal of the claims in federal court in favor of the Stark County Common Pleas Court demonstrates that appellees acquiesced in the splitting of appellants' federal and state claims. Thus, the waiver exception found in § 26(1)(a) of the Restatement applies to defeat the broad application of claim preclusion found in § 24 of the Restatement.

*Collateral Estoppel*

{¶33} The trial court also stated in its judgment entry that counterclaims one, three, four, five, six, seven, and eight are barred by "collateral estoppel." Collateral estoppel, also known as issue preclusion, precludes relitigation of any "issue that has

been actually and necessarily litigated and determined in prior action." *Fort Frye Teachers Assn. v. State Emp. Rels. Bd.*, 81 Ohio St.3d 392, 395, 1998-Ohio-435, 692 N.E.2d 140 (1998). In this case, the trial court fails to identify which issues were actually litigated and determined in the federal case and appellees did not argue that appellants' counterclaims were barred by collateral estoppel in their summary judgment motion and subsequent briefing. Accordingly, we reverse the trial court's granting of summary judgment in favor of appellees to the extent that the trial court granted summary judgment based on collateral estoppel or issue preclusion.

**{¶34}** Based on the foregoing, appellants' first assignment of error is sustained.

II.

**{¶35}** Appellants finally argue the trial court erred by denying their motion for summary judgment on counterclaim three, sale of unregistered securities, and counterclaim four, Ohio securities fraud, on the basis of issue preclusion.

**{¶36}** As discussed above, when a valid, final judgment on the merits is rendered, all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action is barred. *Grava*, 73 Ohio St.3d at 382. Issue preclusion or collateral estoppel "holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Ft. Frye Teachers Assn,* 81 Ohio St.3d 392 at 395. While claim preclusion bars re-litigation of the same cause of action, issue preclusion bars the re-litigation of an "issue that has been actually and necessarily

litigated and determined in a prior action that was based on a different cause of action."
*Id.*

{¶37} In this case, the trial court applied claim preclusion to completely bar the adjudication of appellants' counterclaims three and four. Thus, the trial court did not examine the underlying factual issues or determine whether the issues in counterclaims three and four were actually and necessarily litigated and determined in the federal court action dealing with the federal securities violation claims. Accordingly, because we sustained appellants' first assignment of error and reversed the trial court's decision regarding claim preclusion, the trial court must now determine whether appellants can offensively utilize issue preclusion against appellees in counterclaims three and four.

{¶38} Accordingly, the February 28, 2013 judgment entry of the Stark County Common Pleas Court granting appellees' motion for summary judgment and dismissing counterclaims one, three, four, five, six, seven, and eight of appellants is reversed. We remand the matter to the trial court for further proceedings in accordance with the law and this opinion.

By Gwin, P.J.,
Hoffman, J., and
Delaney, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY

WSG:clw 1121

[Cite as *Ohio Kentucky Oil Corp. v. Nolfi*, 2013-Ohio-5519.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| OHIO KENTUCKY OIL CORPORATION, ET AL | : | |
| | : | |
| Plaintiffs-Appellees | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GREGORY M. NOLFI, AS SUCCESSOR TRUSTEE, ET AL | : | |
| | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 2013CA00084 |

For the reasons stated in our accompanying Memorandum-Opinion, the February 28, 2013 judgment entry of the Stark County Common Pleas Court granting appellees' motion for summary judgment and dismissing counterclaims one, three, four, five, six, seven, and eight of appellants is reversed.  We remand the matter to the trial court for further proceedings in accordance with the law and this opinion.  Costs to appellees.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY