LAKEWOOD, OHIO CONGREGATION OF JEHOVAH'S WITNESSES, INC., APPELLANT, *v.* CITY OF LAKEWOOD ET AL., APPELLEES.

(No. 48001—Decided November 5, 1984.)

*Sheldon Berns, Robert J. Valerian* and *Adrienne C. Lalak,* for appellant.
*Henry B. Fischer,* for appellees.

PRYATEL, J. Lakewood, Ohio Congregation of Jehovah's Witnesses, Inc. (hereinafter Lakewood Congregation) appeals from an order of summary judgment entered in favor of the city of Lakewood and its building commissioner.

This case has a lengthy history. In 1971, the Lakewood Congregation applied for a permit to build a new church at the intersection of Clifton Boulevard and West Clifton Avenue. At that time, the congregation had not yet purchased this property. The permit was denied. The Board of Zoning Appeals, the common pleas court and this court affirmed. The Ohio Supreme Court refused to certify the record.

In 1973, after Lakewood Congregation bought the property in question, the city of Lakewood enacted a new zoning code, which still allowed only residential use in the area where the congregation's property is located. In 1975, Lakewood Congregation again applied for a permit, which was denied and affirmed by way of summary judgment, on the ground of *res judicata*. This court reversed, stating that a new controversy

existed since there was a new ordinance and because the traffic patterns, a major factor in the previous decision to deny a permit, may have changed. The case was remanded to the trial court for determination of the constitutional issues originally raised by the Lakewood Congregation: (1) that the zoning ordinance was unconstitutional on its face and (2) that it was unconstitutional as applied to the congregation.

Upon remand the trial court granted summary judgment in favor of the city of Lakewood, stating that the ordinance was constitutional. This court again reversed, noting that the only motion for summary judgment for the city of Lakewood was based on *res judicata* and that motion had been granted by the trial court and reversed by this court. Thus, no motion for summary judgment (in favor of the city) existed for the trial court to rule on. Furthermore, this court noted that the trial court only decided the constitutionality of the ordinance on its face and did not determine its constitutionality as applied to the particular property in question. Thus, on May 17, 1979, the case was again remanded for a determination on these issues to the trial court where it lay dormant.

Apparently, no further action was taken because the congregation thereafter filed a complaint in the United States District Court for the Northern District of Ohio. After a trial, the court held that the city of Lakewood's zoning ordinance did not violate the United States Constitution. The United States Court of Appeals, Sixth Circuit, affirmed, and the United States Supreme Court denied the Lakewood Congregation's petition for writ of certiorari. *Lakewood, Ohio Congregation of Jehovah's Witnesses, Inc.* v. *Lakewood* (C.A. 6, 1983), 699 F. 2d 303, certiorari denied (Oct. 3, 1983), 78 L.Ed. 2d 85.

On November 17, 1983, the Lakewood Congregation filed a motion to amend its original complaint before the court of common pleas. According to the brief in support of this motion, the purpose of the amended complaint was to delete all references to the United States Constitution and to substitute the name of the new building commissioner for the one previously named. The court denied this motion on November 22, 1983.

The city of Lakewood then filed a motion for judgment on the pleadings or, in the alternative, summary judgment, arguing that the congregation was precluded from litigating this action by the doctrines of *res judicata* and collateral estoppel. The city of Lakewood argued that the Lakewood Congregation had asserted its rights under the Ohio Constitution during the federal trial, and, assuming *arguendo* that this claim had not been asserted, that the congregation was barred from raising any claims that could have been raised in the federal action.

The trial court granted the city of Lakewood's motion, and the congregation appeals, citing two assignments of error.

### Assignment of Error No. 1

"1. The trial court committed prejudicial error by granting the city of Lakewood's motion for judgment on the pleadings or in the alternative summary judgment, for the reason that *res judicata* does not bar an action under a claim for relief which has not been previously litigated."

Appellant argues that the cause of action presently being litigated is different from the one heard in federal court, and that *res judicata* thus has no application. We disagree.

Both federal and Ohio law indicate that the principle of *res judicata* is applicable to the case at bar. The United States Court of Appeals for the Seventh Circuit has held that where a plaintiff filed a federal suit alleging that defendants violated a federal statute, that

plaintiff could not subsequently bring an action in state court alleging violation of state contract laws. *Harper Plastics, Inc.* v. *Amoco Chemicals Corp.* (C.A. 7, 1981), 657 F. 2d 939. In *Harper Plastics,* the court reasoned that both lawsuits were based on the same physical actions taken by the defendant, and that there was not a second cause of action merely because recovery was sought under different laws. The court in *Harper Plastics* further held that the plaintiff could have joined the state claim in federal court, and that *res judicata* operates to bar litigation not only of matters that were raised, but also of matters that should have been raised, in the previous proceeding.

The instant case involves the same parties and the same facts as those involved in the federal case. The congregation is still seeking a permit to build a church on the same property, except it has decided to have the zoning ordinance struck down under the Ohio Constitution rather than the federal, since the federal action was unsuccessful. The same facts that were presented in the federal trial would have to be presented again in the state trial; *i.e.*, whether the traffic patterns and other facts about the neighborhood justified zoning to exclude nonresidential property in the subject area.

Unless it is clear that the federal court would have declined as a matter of its discretion to exercise jurisdiction over the state claim, that state action is barred in subsequent suits. Restatement of the Law 2d, Judgments (1982) 316, Section 87a, Illustration 1. The congregation has not provided proof that it brought the state claim to the federal court's attention, nor has it shown that the federal court would have declined to exercise jurisdiction over the state claim.

Although there are no Ohio cases directly on point, it appears that Ohio follows a broad doctrine of preclusion in applying the doctrine of *res judicata,* in order to reduce litigation between the same parties for the same cause of action. *Migra* v. *Warren City School District Bd. of Edn.* (1984), ____ U.S. ____, 79 L. Ed. 2d 56. The Ohio Supreme Court has stated the following:

"* * * Second, the application of the concept of *res judicata* not only precludes the relitigation of the same cause as between the parties, its 'collateral estoppel' aspect precludes relitigating legal or factual issues in a second lawsuit that were the general subject of litigation in the first action even though the second is a different cause of action.

"The doctrine of *res judicata* also embraces the policy that a party must make good his cause of action or establish his defenses '* * * by all the proper means within his control, and if he fails in that respect, purposely or negligently, he will not afterward be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties.' *Covington & Cincinnati Bridge Co.* v. *Sargent* (1875), 27 Ohio St. 233, paragraph one of the syllabus." *Johnson's Island* v. *Bd. of Twp. Trustees* (1982), 69 Ohio St. 2d 241, 244 [23 O.O.3d 243].

In *Johnson's Island,* the plaintiff sued to enjoin the defendants' violation of a zoning law, and the defendants raised the affirmative defense of nonconforming use but did not assert the unconstitutionality of the law. The Supreme Court held that the defendants were barred from later filing a declaratory judgment action alleging the constitutional argument. Although *Johnson's Island* involved the same cause of action brought twice to state court, we find its reasoning applicable to the instant case, where one claim was asserted in federal court and the other was attempted in state court. The same factual issues would be litigated in the subsequent state suit, and as noted

above in *Johnson's Island,* a party is barred from relitigating the same factual matters in a subsequent suit.

Appellant's first assignment of error is overruled.

### Assignment of Error No. II

"II. The trial court committed prejudicial error in overruling the congregation's motion to file its amended and supplemental complaint, where the motion was timely filed in good faith, and where the granting thereof would not delay the trial, but would allow the congregation to more fully set forth its claim for relief."

After the federal litigation of this case was completed, appellant sought leave to amend its complaint. Specifically, the congregation wanted to delete all references to alleged violations of the federal Constitution and to substitute the name of the new building commissioner for the name of the former commissioner. The original complaint referred to alleged violations of both the Ohio and federal Constitutions.

Since we held above that the principles of *res judicata* bar this lawsuit from proceeding in state court, it is not necessary to determine whether leave to amend should have been granted if the case proceeded. However, we note in passing that Civ. R. 15(A) does not require the trial court to grant leave to amend. Nor did the trial court abuse its discretion in denying the motion for leave to plead. The original complaint already alleged violations of the Ohio Constitution and appellant would not be prejudiced by the additional but moot references to the federal Constitution. Nor would the congregation be prejudiced by the outdated name of the building commissioner, since the position of building commissioner was also identified in the original complaint. Any ruling that the ordinance was unconstitutional would be binding on any official who attempted to enforce such ordinance.

Appellant's second assignment of error is overruled.

Judgment is affirmed.

*Judgment affirmed.*

CORRIGAN, C.J., and MARKUS, J., concur.