OPINION
In this accelerated calendar case submitted on the briefs of the parties, appellant, Stephen M. Marrie, appeals the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of appellee, International Local 717. For the reasons that follow, we affirm the judgment of the trial court.
On August 19, 1999, appellant filed a complaint against his former employer, appellee, for disability discrimination. According to the complaint, appellant suffered from knee and hip degeneration, "which impair[ed] his mobility and substantially limit[ed] [appellant] in the major life activities of walking."
Prior to March 1994, appellant alleged that he, "with reasonable accommodation of being able to work in the Union Hall without being required to climb stairs more than once a day, was able to perform the essential functions of his job as Benefits Administrator." However, in March and May 1994, appellee allegedly assigned to appellant additional job responsibilities that required him to walk to perform these job duties, which allegedly aggravated his hip and knee impairments. After appellee allegedly refused to comply with appellant's verbal or written requests for reasonable accommodation, appellant was terminated on August 30, 1994.
As such, in the complaint, appellant accused appellee of discrimination in refusing to make reasonable accommodations for his disability, in violation of R.C. Chapter 4112. Appellant further claimed that his termination was "in retaliation for [him] alleging that [appellee] violated federal and state anti-discrimination laws[,] and that appellee "acted with malice or with reckless indifference * * * when it refused to make reasonable accommodations for [his] known disability and when it terminated [his] employment in retaliation." As a result of appellee's alleged discriminatory conduct, appellant claimed he suffered economic loss, mental anguish, pain and suffering, and other nonpecuniary losses.
The record before this court indicates that appellee did not file an answer to the complaint, but instead filed a motion to dismiss on the basis of res judicata. In response, appellant filed a motion to strike asserting that appellee could not raise such an affirmative defense through a dismissal under Civ.R. 12(B). See Jim's Steak House, Inc. v.Cleveland, 81 Ohio St.3d 18, 21, 1998-Ohio-440; State ex rel. Freeman v.Morris (1991), 62 Ohio St.3d 107, 109.
Subsequently, on January 14, 2000, appellee filed a motion for summary judgment contending that appellant's action was barred by the doctrine of res judicata.[1] In support of its motion, appellee presented, inter alia, a certified and time-stamped copy of the October 1998 complaint and the January 22, 1999 judgment entry issued by the United States District Court for the Northern District of Ohio, Eastern Division.[2] According to appellee, this former complaint was duplicated verbatim into the instant complaint, and both lawsuits allege that appellee discriminated on the basis of appellant's disability.
In response, on February 2, 2000, appellant filed a memorandum contra to appellee's motion for summary judgment arguing that because the federal court's dismissal was not an adjudication on the merits, his current state court discrimination lawsuit was not barred by the doctrine of res judicata. To support his motion, appellant attached an uncertified copy of the motion to dismiss and the accompanying memorandum filed in federal court.[3]
After taking the matter under advisement, the trial court granted appellee's motion for summary judgment without explanation. It is from this judgment appellant appeals, advancing a single assignment of error and reiterating the arguments set forth in his memorandum contra to appellee's motion for summary judgment.
An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in his favor. Lennon v. Neil
(2000), 139 Ohio App.3d 437, 441-442.
Briefly, by way of background, in October 1998, appellant filed a complaint in the Trumbull County Court of Common Pleas against International Union of Electronic, Electrical, Salaried, Machine, Furniture Workers ("International") and appellee alleging that they had violated the Americans with Disabilities Act ("the ADA"). Both parties concede to the fact that this lawsuit was subsequently removed to the United States District Court for the Northern District of Ohio, Eastern Division.[4]
Subsequently, International and appellee filed a joint motion to dismiss. Upon consideration, the federal court issued a judgment entry on January 22, 1999, dismissing appellant's disability discrimination complaint with prejudice:
 "Before the Court is defendant's [sic] December 21, 1998 Motion to Dismiss. There having been no response to said motion, the court hereby dismisses the above captioned case with prejudice."
There is no indication from the record before this court that the decision rendered by the federal court was appealed. Instead, on August 19, 1999, appellant filed the instant cause in the Trumbull County Court of Common Pleas against appellee alleging disability discrimination in violation of R.C. Chapter 4112, which codifies Ohio's version of the ADA's civil rights laws.
It follows that the sole issue involved in this appeal is purely a question of law, to wit: whether the federal court decision dismissing appellant's complaint with prejudice constitutes a final judgment on the merits and operates as res judicata for appellant's current lawsuit.
"It is well settled that when a judgment is rendered by a federal court acting under its federal question jurisdiction, the availability of a resjudicata defense depends on the federal-law standard." (Emphasis sic.)Powell v. Doyle (Oct. 8, 1998), 8th Dist. App. No. 72900, 1998 WL 703012, at 3, citing Apparel Art Intern., Inc. v. Amertex EnterprisesLtd. (C.A. 1, 1995), 48 F.3d 576; Kale v. Combined Ins. Co. of Am. (C.A. 1, 1990), 924 F.2d 1161; Cemer v. Marathon Oil Co. (C.A. 6, 1978),583 F.2d 830, 832. "To the extent to which a federal court judgment operates as res judicata in the federal court, it also operates as resjudicata in Ohio state courts." (Emphasis sic.) Powell at 3, citing Hornev. Woolever (1959), 170 Ohio St. 178.
Under the doctrine of res judicata, also known as claim preclusion, a subsequent action is barred if the following elements are demonstrated: "(1) a final judgment or decree rendered on the merits by a court of competent jurisdiction; (2) concerning the same claim or cause of action as that now asserted; (3) between the same parties as are in the current action or their `privies.'" United States v. LTV Steel Co., Inc. (N.D.Ohio. 2000), 118 F. Supp.2d 827, 835-836. See, also, Kelm v. Kelm,92 Ohio St.3d 223, 227, 2001-Ohio-168, quoting Grava v. Parkman Twp.,73 Ohio St.3d 379, syllabus, 1995-Ohio-331; Powell at 3.
As to the first element of res judicata, appellant maintains that the federal court's judgment entry dismissing his 1998 lawsuit with prejudice does not indicate whether its decision was made on substantive or technical grounds. As such, appellant urges that in accordance with this court's prior decision in Metmor Financial, Inc. v. Slimmer (May 17, 1996), 11th Dist. No. 95-T-5341, 1996 Ohio App. LEXIS 2003, we must examine International and appellee's joint motion to dismiss as guidance in determining whether the federal court's dismissal was based on the merits.
In Metmor Financial, the federal court's judgment entry dismissed plaintiff's complaint with prejudice and incorporated the factual findings and legal conclusions as stated in its oral opinion pursuant to Fed.R.Civ.P. 52. Id. at 9.[5] To determine whether the federal court's decision was made on the merits, this court reviewed the findings and conclusions stated in the federal court's oral opinion:
 "It is clear from a reading of the findings and conclusions stated in the oral opinion that the primary focus of the federal trial was the determination of whether GNMA was the proper party to bring the action. The federal court explicitly stated that [defendant's] motion to dismiss was granted solely on this ground. Thus, the decision was based on a procedural and technical defect, and not on the merits of the claim. The findings and conclusions as stated in the oral opinion override the effect of the phrase `dismissed with prejudice' and support the conclusion that the decision was made on grounds other than on the merits. Civ.R. 41(B)(3). Therefore, appellant's claim is not barred under the doctrine of res judicata." (Emphasis added.) Metmor Financial at 10-11.
The present cause, however, is factually distinguishable from MetmorFinancial because the federal court in the instant matter did not provide any findings of fact or conclusions of law to support its decision to dismiss appellant's 1998 federal complaint with prejudice. Here, the federal court's rationale is unknown. Even, if International and appellee's joint motion to dismiss filed in the federal matter were properly available for consideration, we would still be speculating at best. If appellant was troubled by the federal court's disposition of his 1998 lawsuit, he should have filed a direct appeal. His failure to do so prevents him from attempting to collaterally attack this federal decision through the instant appeal. As such, we will not second guess the federal court's rationale without the additional guidance available in MetmorFinancial.
Further, we will not consider the federal motion to dismiss and its memorandum in support which were attached to appellant's response to appellee's motion for summary judgment in the instant matter. That is because appellant failed to provide a certified copy of this document to the instant trial court.[6] See Civ.R. 56(E). In fact, this uncertified copy did not even reflect a time-stamp. As a result, there is no indication that the instant trial court even considered the federal motion to dismiss and its accompanying memorandum in reaching its decision to grant appellee's motion for summary judgment.
"It is well settled that documents submitted in opposition to a motion for summary judgment must be sworn, certified or authenticated by affidavit to be considered by the trial court in determining whether a genuine issue of material fact exists for trial." Sintic v. Cvelbar (July 5, 1996), 11th Dist. No. 95-L-133, unreported, 1996 WL 649137, at 2. "Even though a trial court may consider evidence not authorized by Civ.R. 56(C) where there is no objection made, reviewing courts willpresume that the court considered only evidence properly submitted
unless it appears clear from the record that the court, in fact, relied upon improper materials." (Emphasis added.) Drawl v. Cornicelli (1997),124 Ohio App.3d 562, 569, fn. 5.
In the instant matter, there is no indication in the record that the trial court actually considered the federal motion to dismiss and its memorandum in support in rendering its decision. Arguably, a determination by the trial court not to consider unauthenticated documents is not only defensible but prudent. Unless the record indicates otherwise, we presume that the trial court only considered those materials properly submitted pursuant to Civ.R. 56. Drawl at 569, fn. 5. Because the federal motion to dismiss and its memorandum in support had no indicia of reliability or authenticity, the trial court could have properly rejected their submission.
Accordingly, under these particular circumstances, this court only has the federal court's judgment entry as guidance in determining the court's rationale for dismissing appellant's former complaint with prejudice:
 "Before the Court is defendant's [sic] December 21, 1998 Motion to Dismiss. There having been no response to said motion, the court hereby dismisses the above captioned case with prejudice."
As an aside, we note that in accordance with Civ.R. 56(E), appellee submitted appropriate evidential material in support of its motion for summary judgment on the basis of res judicata, to wit: a certified and time-stamped copy of the 1998 complaint and the judgment entry issued from the federal court. Walls v. Firelands Radiology, Inc. (1995),106 Ohio App.3d 313, 334; Sintic at 2. While appellee did not supply an affidavit attesting to the authenticity of these evidential materials, these documents were self-authenticating under Evid.R. 902(4). See, e.g., Nationwide Mut. Fire Ins. Co. v. Kubacko (1997), 124 Ohio App.3d 282,289, fn. 8.
With that in mind, we determine that the federal court's recital of the phrase "dismiss[ed] * * * with prejudice" strongly implies that the court's decision was intended as an adjudication on the merits, thereby constituting a final judgment.
Fed.R.Civ.P. 41(b), which governs involuntary dismissals, is relevant to this matter and provides as follows:
 "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits." (Emphasis added.)
While the intention or reason is unclear as to why the federal court granted International and appellee's joint motion to dismiss, the court specifically stated that the case was dismissed with prejudice. A dismissal of a complaint with prejudice is treated as an adjudication on the merits. Mason v. Ogden Allied Aviation Services Corp. (C.A. 6, 1995), 1995 U.S. App. LEXIS 35413, at 7-8, citing Confederate MemorialAssn., Inc. v. Hines (D.C. 1993), 995 F.2d 295, 300 (the usual rule is that a dismissal with prejudice operates as an adjudication upon the merits); Thomas v. Freeman, 79 Ohio St.3d 221, 225, fn. 2, 1997-Ohio-395; Tower City Properties v. Cuyahoga Cty. Bd. of Revision
(1990), 49 Ohio St.3d 67, 69, citing Chadwick v. Barba Lou, Inc. (1982),69 Ohio St.2d 222, 226 ("`* * * an action dismissed "with prejudice" is vulnerable to the defense of res judicata. * * *'"). Hence, we hold that the federal court's dismissal of appellant's discrimination complaint with prejudice constitutes a final judgment on the merits.
And, even if the federal court inappropriately dismissed appellant's case with prejudice, such a determination is beyond this court's review. As previously noted, if appellant was troubled by the federal court's decision, then he should have instituted a direct appeal. Moreover, the face of the federal court's judgment entry does not indicate that the judgment was void, as opposed to voidable.[7] Hence, we must deal with the judgment entry at its face value.
Second, the present action involves the same cause or causes of action that were brought or could have been brought in the 1998 federal lawsuit. Appellant's current argument that appellee discriminated against him on the basis of his disability is the same contention raised by him in his 1998 federal lawsuit.
The underlying purpose of res judicata is to bar litigation of "`allclaims which were or might have been litigated in a first lawsuit.'" (Emphasis added). Grava at 382, quoting Natl. Amusement, Inc. v.Springdale (1990), 53 Ohio St.3d 60, 62. See, also Mason, supra; Powell at 4, citing D K Properties Crystal Lake v. Mutual Life Ins. Co. of NewYork (C.A. 7, 1990), 909 F.2d 973; Kale, supra; White v. Colgan Elec.Co. (C.A. 6, 1986), 781 F.2d 1214. "The fact that a party raises different theories of recovery in federal and state actions is of no consequence if both theories derive from the same cause of action and concern the same operative nucleus of facts or the same transaction of events." Powell at 4.
Although appellant's former lawsuit was based on a violation of the ADA while the current lawsuit is based on a violation of R.C. Chapter 4112, these discrimination claims clearly arise out of the same facts and could have been litigated in the 1998 federal lawsuit pursuant to that court's supplemental jurisdiction:[8]
 "`Both federal and Ohio law indicate that the principle of res judicata is applicable to the case at bar. The United States Court of Appeals for the Seventh Circuit has held that where a plaintiff filed a federal suit alleging that defendants violated a federal statute, that plaintiff could not subsequently bring an action in state court alleging violation of state contract laws. Harper Plastics, Inc. v. Amoco Chemicals Corp. (C.A.7, 1981), 657 F.2d 939. In Harper Plastics, the court reasoned that both lawsuits were based on the same physical actions taken by the defendant, and that there was not a second cause of action merely because recovery was sought under different laws. The court in Harper Plastics further held that the plaintiff could have joined the state claim in federal court, and that res judicata operates to bar litigation not only of matters that were raised, but also of matters that should have been raised, in the previous proceeding.'" (Emphasis added.) Powell at 4, quoting Lakewood, Ohio Congregation of Jehovah's Witnesses, Inc. v. Lakewood
(1984), 20 Ohio App.3d 338, 339-340.
Finally, the parties in the federal court action and the present action are indisputably the same.
In summation, because the dismissal of appellant's 1998 discrimination lawsuit by the federal court was treated as an adjudication on the merits, his present discrimination lawsuit against appellee is now barred by the doctrine of res judicata. Accordingly, the trial court properly granted appellee's motion for summary judgment.
Based on the foregoing analysis, appellant's lone assignment of error lacks merit, and the judgment of the trial court is affirmed.
DIANE V. GRENDELL, J., concurs, DONALD R. FORD, P.J., dissents with Dissenting Opinion.
[1] Appellant does not take issue with the fact that appellee failed to file an answer to the complaint yet subsequently raised the affirmative defense of res judicata in a motion for summary judgment. As such, we will not consider this issue on appeal.
[2] The complaint and judgment entry were certified by the respective clerk of courts, indicating that it was a true and correct copy of the original.
[3] Appellee supplemented the record with a copy of its reply to appellant's memorandum contra the motion for summary judgment as the original had been inadvertently omitted from the record.
[4] Absent from the record is documentation indicating that the 1998 lawsuit was transferred to the Northern District of Ohio, Eastern Division.
[5] We note that the decision in Metmor Financial does not indicate how the federal court's judgment entry, factual findings and legal conclusions were made part of the record.
[6] Appellee also submitted an uncertified copy of the motion to dismiss. However, the memorandum in support of the motion was not supplied by appellee.
[7] "If a judgment is void, it has no legal effect whatsoever. For example, `a judgment based on a proceeding in which the court lacked jurisdiction over the person * * * or jurisdiction over the subject matter of the action[,]' would be void. Civ.R. 60, 1970 Staff Note. In contrast, a judgment that is tainted with an error of law, making it valid although subject to reversal on appeal, would be voidable." OldMeadow Farm Co. v. Petrowski (Mar. 2, 2001), 11th Dist. No. 2000-G-2265, 2001 WL 209066, at 2, fn. 2.
Recently, in Clark v. Wilson (July 28, 2000), 11th Dist. No. 2000-T-0063, 2000 WL 1050524, at 2, this court commented on the distinction between a "void" and "voidable" judgment:
 "If a judgment is deemed void, it is considered a legal nullity which can be attacked collaterally. Conversely, if a judgment is deemed voidable, it will have the effect of a proper legal order unless its propriety is successfully challenged through a direct attack on the merits. See 62 Ohio Jurisprudence 3d (1985) 468-469, Judgments, Sections 131-132." Clark at 2.
[8] See 28 U.S.C. § 1367(a).