[Cite as *Glenn v. Trumbull Cty. Commrs.*, 2024-Ohio-1114.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| CHRISTINE GLENN, | **CASE NO. 2023-T-0067** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| TRUMBULL COUNTY COMMISSIONERS, | Trial Court No. 2023 CV 00106 |
| Defendant-Appellee. | |

**O P I N I O N**

Decided: March 25, 2024
Judgment: Affirmed

*Dennis R. Fogarty*, *Matthew P. Baringer*, and *Ryan J. Kun*, Davis & Young, LPA, 35000 Chardon Road, Suite 100, Willoughby Hills, OH 44094 (For Plaintiff-Appellant).

*Kathleen M. Minahan*, Meyers, Roman, Friedberg & Lewis, 28601 Chagrin Boulevard, Suite 600, Cleveland, OH 44122 (For Defendant-Appellee).


MARY JANE TRAPP, J.

{¶1} Appellant, Christine Glenn ("Ms. Glenn"), appeals from the judgment of the Trumbull County Court of Common Pleas that granted appellee's, the Trumbull County Commissioners (the "Board"), motion for summary judgment and dismissed Ms. Glenn's complaint for age discrimination/constructive discharge and ancestry discrimination.

{¶2} Ms. Glenn raises three assignments of error on appeal, contending the trial court erred by granting the Board's motion for summary judgment (1) because her claims are not barred by res judicata; (2) by determining her claim for constructive discharge was barred because she failed to exhaust administrative remedies; and (3) by determining her

claim for age discrimination is barred by former R.C. 4112.08 because she first sought administrative remedies.

{¶3} After a careful review of the record and pertinent law, we find Ms. Glenn's assignments of error are without merit.

{¶4} Firstly, Ms. Glenn's age and ancestry discrimination claims are barred by claim preclusion. Ms. Glenn raised similar claims of age and ancestry discrimination arising out of the same operative facts against the same party in the instant case as she did in federal court, which the federal court dismissed with prejudice. Therefore, her claims are barred by the doctrine of res judicata.

{¶5} Secondly, Ms. Glenn failed to exhaust administrative remedies for her claim of age discrimination/constructive discharge that arose after the amendments to R.C. Chapter 4112, requiring claimants to file claims with the Ohio Civil Rights Commission ("OCRC") prior to filing suit in state or federal court.

{¶6} Thirdly, we need not address Ms. Glenn's third assignment of error since it is rendered moot by our disposition of her first assignment of error.

{¶7} The judgment of the Trumbull County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶8} In January 2023, Ms. Glenn filed a complaint in the Trumbull County Court of Common Pleas against the Board, alleging claims of (1) age discrimination/constructive discharge and (2) ancestry discrimination in violation of R.C. Chapter 4112 et. seq.

{¶9} In her complaint, Ms. Glenn alleged she was an administrative assistant for the Board since January 2012. In January 2021, Commissioner Michelle Nicole Frenchko ("Comm. Frenchko") took office as a Trumbull County Commissioner. The complaint also alleged that Comm. Frenchko told another commissioner she was "going to badger the

2

old ones till they quit." She also specifically made statements against Ms. Glenn, remarking, "we need to get someone younger in that position who knows technology." Ms. Glenn claimed she was never informed of any changes to her duties; however, Comm. Frenchko berated and harassed her for not making any changes. She also "harassed and abused" Ms. Glenn for not syncing her email to her phone after the county IT department told her multiple times it was not possible. Despite multiple comorbidities that put Ms. Glenn at a higher risk for COVID-19, Comm. Frenchko attempted to move her to another building. Comm. Frenchko further subjected Ms. Glenn, who is of Italian descent, to defamatory and derogatory statements about Italian people. Ms. Glenn further alleged she exhausted all remedies through the OCRC and the United States Equal Employment Opportunity Commission ("EEOC").

### The Board's Motion for Summary Judgment

{¶10} In March 2023, the Board filed a motion for summary judgment, contending it was entitled to judgment as a matter of law because (1) Ms. Glenn's ancestry claim was barred by the doctrine of res judicata; (2) Ms. Glenn elected an administrative remedy for her hostile work environment age discrimination claim, she is barred from seeking a judicial remedy; (3) Ms. Glenn failed to exhaust administrative remedies for her age discrimination claim based on constructive discharge; which in any case (4) is barred by claim preclusion under the doctrine of res judicata.

{¶11} Attached to the Board's motion were copies of Ms. Glenn's resignation letter, the two claims Ms. Glenn filed with the OCRC for age and ancestry discrimination, an OCRC letter of determination on Ms. Glenn's hostile work/age discrimination claim, an EEOC notice of right-to-sue within 90 days on Ms. Glenn's ethnic (ancestry)

3

discrimination claim, as well as the filings from a federal case Ms. Glenn filed against the Board, *Glenn v. Frenchko*, 642 F.Supp.3d 633 (N.D.Ohio 2022)("*Glenn I*").

### *OCRC Age Discrimination Claim*

{¶12}  The Board's evidence reflected that in February 2021, Ms. Glenn filed an age discrimination claim with the OCRC.

{¶13}  In September 2021, Ms. Glenn received a letter of determination from the OCRC stating that it is not probable the Board engaged in an unlawful discriminatory practice in violation of R.C. Chapter 4112 and that it was dismissing Ms. Glenn's claim.

### *Glenn I*

{¶14}  In December 2021, Ms. Glenn filed an almost identical complaint against Comm. Frenchko and the Board in the United States District Court for the Northern District of Ohio (the "federal court"), alleging federal claims of age discrimination and ethnic (ancestry) discrimination.

{¶15}  The Board filed a motion for judgment on the pleadings, alleging (1) Ms. Glenn cannot state a claim for age discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e ("Title VII"); rather, the remedy for an age discrimination claim arises under the Age Discrimination in Employment Act ("ADEA"); (2) Ms. Glenn cannot state a Title VII claim against Comm. Frenchko individually; and (3) Ms. Glenn did not exhaust administrative remedies for her claim of ethnic discrimination.

{¶16}  Ms. Glenn subsequently filed a motion for leave to file an amended complaint to (1) change her claim of age discrimination to one under the ADEA against the Board only, (2) remove her claim for ethnic discrimination, and (3) add a state law age discrimination claim pursuant to R.C. Chapter 4112.  She also included a response in opposition to the Board's motion for judgment on the pleadings.

4

{¶17} The Board filed a brief in opposition to Ms. Glenn's motion to file an amended complaint, contending (1) Ms. Glenn's proposed amended complaint fails to state a claim for which relief may be granted because she did not allege any damages for which the ADEA provides a remedy; and (2) Ms. Glenn's age discrimination claim under R.C. Chapter 4112 was barred by her election of an administrative remedy.

{¶18} In November 2022, the federal court granted the Board's motion for judgment on the pleadings, denied Ms. Glenn's motion for leave to amend her complaint, and dismissed the action with prejudice. *Glenn I* at 639.

{¶19} Regarding Ms. Glenn's proposed amended complaint, the federal court found that the filing of count one, age discrimination in violation of the ADEA, would be futile because Ms. Glenn did not allege a compensable injury. The proposed amended complaint supplied no factual basis for Ms. Glenn's "lost income," since she did not claim she was "suspended, demoted, passed up for a promotion, or otherwise lost time at her job." In other words, she did not allege a change in her employment status that affected her income. Since count one of Ms. Glenn's proposed amended complaint conferred subject matter jurisdiction and the court found it futile, it declined to exercise supplemental jurisdiction over count two of the proposed amended complaint since it asserted a purely state law age discrimination claim. *Id.* at 638.

{¶20} Further, as to count two of Ms. Glenn's complaint, ethnic discrimination, the federal court found Ms. Glenn conceded it should be dismissed because she wanted to dismiss the claim in her proposed amended complaint. *Id.*

{¶21} Ms. Glenn did not appeal the federal district court's ruling.

5

### OCRC and EEOC Ethnic/Ancestry Discrimination Claim

**{¶22}** In July 2022, while *Glenn I* was pending, Ms. Glenn filed a dual claim of ethnic/ancestry discrimination with the OCRC and EEOC.

**{¶23}** On October 26, 2022, the EEOC sent Ms. Glenn a notice of her right to sue, notifying her that if she chose to commence a civil action, the suit must be filed within the appropriate court within 90 days of her receipt of the notice.

**{¶24}** Ms. Glenn did not notify the federal court of this administrative action.

### Ms. Glenn's Brief in Opposition to Defendant's Motion for Summary Judgment

**{¶25}** Ms. Glenn filed a brief in opposition to the Board's motion for summary judgment, in which she contended (1) her claim for ancestry discrimination is not barred by res judicata because the federal court never ruled on its merits, (2) her claim for age discrimination is not barred because she elected administrative remedies by filing her claim with the OCRC, (3) her claim for constructive discharge is a basis for damages for age discrimination and is not barred by her failure to exhaust administrative remedies, and (4) her state law claim for age discrimination is not barred by claim preclusion.

**{¶26}** Ms. Glenn submitted no materials of evidentiary quality (or otherwise) on summary judgment.

### The Trial Court's Ruling On Summary Judgment

**{¶27}** The trial court awarded summary judgment in favor of the Board and dismissed Ms. Glenn's complaint with prejudice, finding that the federal court case, which was dismissed with prejudice, precluded the instant case.

**{¶28}** More specifically, the trial court found Ms. Glenn's claims were barred by claim preclusion under the doctrine of res judicata.

6

{¶29} The trial court found there was a "prior valid decision on the merits" because the federal district court granted the Board's motion for judgment on the pleadings for failure to state a claim upon which relief can be granted. The order was final and appealable; however, Ms. Glenn did not appeal.

{¶30} The trial court determined the instant case involves the same parties as in *Glenn I* and that this case raised state law age and ancestry discrimination claims that could and should have been raised in *Glenn I*.

{¶31} Specifically addressing her ancestry discrimination claim in *Glenn I*, the trial court noted that Ms. Glenn raised a federal claim for ancestry discrimination but did not raise a state law claim and that she should have exhausted administrative remedies before she filed suit. While she did exhaust her administrative remedies while *Glenn I* was pending, she did not notify the federal district court of the EEOC's notice of right to sue. Had she done so, she may have been able to move forward with her federal ancestry claim, which would have also allowed the federal court to exercise supplemental jurisdiction over her state law claim. Because she failed to do so, the federal district court dismissed her case with prejudice, and the trial court found that fact binding in this case.

{¶32} Regarding her state law age discrimination claim, the trial court noted the federal court denied Ms. Glenn's motion to amend her complaint to add state law claims for age discrimination based on a hostile work environment because her federal claim was futile. Ms. Glenn could not bring an age discrimination claim under Title VII and her proposed amended age discrimination claim under ADEA failed to plead a compensable injury.

{¶33} The trial court further found that because Ms. Glenn elected an administrative remedy for her state law age discrimination claim based on a hostile work

7

environment, she is barred from seeking a judicial remedy. The trial court explained the basis for its determination by examining former R.C. 4112.08 (effective April 6, 2017, to April 14, 2021), which was effective at the time Ms. Glenn filed her age discrimination with the OCRC. At that time, a complainant could elect to file an administrative charge with the OCRC or a civil action. While her administrative charge was pending, the General Assembly passed 2020 H.B. 352, also known as the Employment Law Uniformity Act ("ELUA"), effective April 15, 2021, which revised R.C. Chapter 4112. With a few exceptions, employees must now exhaust administrative remedies before filing suit. The new law, however, does not apply retroactively.

{¶34} Lastly, regarding Ms. Glenn's age discrimination claim based on constructive discharge, the court found Ms. Glenn failed to exhaust administrative remedies as a precondition to filing the instant case.

{¶35} Ms. Glenn raises three assignments of error for our review:

{¶36} "[1.] The trial court erred by granting Appellee's Motion for Summary Judgment because Appellant's claims are not barred by res judicata.

{¶37} "[2.] The trial court erred by granting Appellee's Motion for Summary Judgment when it determined Appellant's claim for constructive discharge was barred because she failed to first seek administrative remedies.

{¶38} "[3.] The trial court erred by granting Appellee's Motion for Summary Judgment when it determined Appellant's age discrimination claim is barred by former R.C. 4112.08 because she first sought administrative remedies."

## Summary Judgment

{¶39} In Ms. Glenn's three assignments of error, she challenges the trial court's award of summary judgment in favor of the Board.

8

{¶40} We review de novo a trial court's order granting summary judgment. *Sabo v. Zimmerman*, 11th Dist. Ashtabula No. 2012-A-0005, 2012-Ohio-4763, ¶ 9. A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. *Id.*

{¶41} "Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In *Dresher v. Burt*[, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996)], the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record, or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶ 40.

{¶42} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving

9

party based on the principles that have been firmly established in Ohio for quite some time in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112[, 526 N.E.2d 798]." *Ziccarelli* at ¶ 40.

## Claim Preclusion

{¶43} In Ms. Glenn's first assignment of error, she contends the trial court erred by finding her age and ancestry discrimination claims are barred by claim preclusion pursuant to the doctrine of res judicata.

{¶44} The doctrine of "'[r]es judicata ensures the finality of decisions.'" *AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. Am.*, 2023-Ohio-3097, --- N.E.3d ---, ¶ 15, quoting *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). "It bars a party from relitigating the same issue or claim that has already been decided in a final, appealable order or a valid, final judgment in a prior proceeding and could have been raised on appeal in that prior proceeding." *Id.* The doctrine of res judicata "ensures stability of judicial decisions, deters vexatious litigation, and allows courts to resolve other disputes." *Id.*

{¶45} The Supreme Court of Ohio has adopted the modern application of res judicata, which includes claim preclusion and issue preclusion. *Id.* at ¶ 16. Ms. Glenn's assignment of error concerns claim preclusion. "Claim preclusion makes '"an existing final judgment or decree between the parties to litigation * * * conclusive as to all claims which were or might have been litigated in a first lawsuit."'" *Lycan v. Cleveland*, 171 Ohio St.3d 550, 2022-Ohio-4676, 218 N.E.3d. 913, ¶ 22, quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990), quoting *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (1986).

Case No. 2023-T-0067

**{¶46}** "'[C]laim preclusion has four elements in Ohio: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Id.* at ¶ 23, quoting *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir.1997).

**{¶47}** We agree with the trial court that Ms. Glenn's claims are barred by claim preclusion.

**{¶48}** First, despite Ms. Glenn's claim that there was no judgment on the merits, there is a "prior final, valid decision on the merits by a court of competent jurisdiction," i.e., the federal district court in *Glenn I* dismissed, with prejudice, Ms. Glenn's claims of age and ancestry discrimination.

**{¶49}** In *Customized Solutions, Inc. v. Yurchyk & Davis, CPA's, Inc.*, 7th Dist. Mahoning No. 03 MA 38, 2003-Ohio-4881, the Seventh District succinctly explained:

**{¶50}** "[A] dismissal with prejudice is said to be 'on the merits' and a dismissal without prejudice is said to be 'otherwise than on the merits.' *See* Staff Notes (1970) to Civ.R. 41(B)(3). See, also, *Tower City Prop. v. Cuyahoga Cty. Bd. of Rev.* (1990), 49 Ohio St.3d 67, 69, 551 N.E.2d 122 (explaining that where a dismissal is with prejudice, the effect is an adjudication on the merits and the action is vulnerable to a defense of res judicata); *Chadwick v. Barba Lou, Inc.* (1982), 69 Ohio St.2d 222, 226, 431 N.E.2d 660 (stating that a dismissal without prejudice has no res judicata effect).

**{¶51}** "Civ.R. 41(B) provides for involuntary dismissal and describes the effect thereof. For instance, where plaintiff fails to prosecute or comply with the civil rules or any court order, the court upon defendant's motion or sua sponte may, after notice to the

11

plaintiff's counsel, dismiss the action or claim. Civ.R. 41(B)(1). The effect of such a dismissal is provided for in Civ.R. 41(B)(3), which states:

{¶52} "'*Adjudication on the merits; exception.  A dismissal under division (B) of this rule* and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule [dealing with personal or subject matter jurisdiction and failure to join a party], *operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.*' (Emphasis added to relevant portions of rule).

{¶53} "A dismissal under Civ.R. 12(B)(6) for failure to state a claim is a dismissal under Civ.R. 41(B)(1) for failure to comply with the civil rules. Even if it were not such a dismissal, it would at least fall under Civ.R. 41(B)(3)'s catch-all provision, 'and any dismissal not provided for in this rule'. Either way, if the Civ.R. 12(B)(6) dismissal order fails to state that it is without prejudice or that it is not on the merits, then the dismissal is automatically categorized as a dismissal with prejudice or on the merits." *Id.* at ¶ 20-23.

{¶54} Second, the instant case is a second action involving the same parties.

{¶55} Third, the instant case raises state law claims that were or could have been litigated in *Glenn I*, since Ms. Glenn pleaded the same claims of age and ancestry discrimination, albeit under state law. These claims existed at the time she filed her federal claims of age and ethnic discrimination.

{¶56} Fourth, the instant action arises out of the same operative facts and evidence as the first action (with the exception of her claim of constructive discharge, which we discuss more fully in her second assignment of error).

{¶57} As the Eighth District explained in *Lakewood, Ohio Congregation of Jehovah's Witnesses, Inc. v. Lakewood*, 20 Ohio App.3d 338, 486 N.E.2d 194 (8th Dist.1984), "[u]nless it is clear that the federal court would have declined as a matter of

12

Case No. 2023-T-0067

its discretion to exercise jurisdiction over the state claim, that state action is barred in subsequent suits. Restatement of the Law 2d, Judgments (1982) 316, Section 87*a*, Illustration 1. The [plaintiff] has not provided proof that it brought the state claim to the federal court's attention, nor has it shown that the federal court would have declined to exercise jurisdiction over the state claim." *Id.* at 340.

{¶58} Simply because Ms. Glenn brings her claims in the instant case under state law does not operate as a bar to the application of the doctrine of res judicata. Claim preclusion "'applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action.'" (Emphasis deleted.) *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 383, 653 N.E.2d 226 (1995), quoting 1 Restatement of the Law 2d, Judgments, Section 25, at 196 (1982).

{¶59} For instance, in *Warith v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 107717, 2019-Ohio-3761, the federal court declined jurisdiction over the appellant's breach of contract and promissory estoppel claims and awarded the appellee summary judgment on the appellant's federal and state employment age and gender discrimination claims. *Id.* at ¶ 14. Appellant filed a complaint in state court alleging racial discrimination based on the same facts and evidence and asserted the same causes of action, in addition to additional theories of recovery premised upon the same operative facts as the original lawsuit for his claims of gender and age discrimination. *Id.* The Eighth District found the appellant's discrimination claims were barred by the doctrine of res judicata. *Id.* It was clear that "'in the instant state action and the prior federal action, the same parties are litigating the same facts, issues and causes

13

of action arising out of the same circumstances and occurrences.'" *Id.* at ¶ 12, quoting *Abram v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 80127, 2002-Ohio-2622, ¶ 27.

{¶60} Similarly, in *Schul v. Ely*, 2d Dist. Montgomery No. 18402, 2001 WL 85805, (Feb. 2, 2001), the Second District found the appellant's claims were barred by claim preclusion because the appellant's actions in federal court and that case both arose out of the incidents surrounding the termination of his employment. *Id.* at *2. Although different legal theories were raised in each court, the same underlying facts were required to prove the claims in both the federal and state courts. *Id.* Further, all of the appellant's claims could have been filed in state court due to concurrent subject matter jurisdiction or federal court under its pendent jurisdiction. *Id. See also Brubaker-Schaub v. Geon Co.*, 8th Dist. Cuyahoga No. 759694, 2001 WL 60034, *9 (Jan. 18, 2001) (because the same facts on which plaintiff predicated her gender discrimination and retaliation claims in federal court were the basis for plaintiff's hostile work environment claim in state court, plaintiff was obligated to assert her hostile work claim in her federal court proceedings or be precluded from asserting it later); *Kuivila v. Newton Falls*, 2017-Ohio-7957, 98 N.E.3d 764, ¶ 54-60 (11th Dist.) (district court's dismissal of retaliation claim constitutes valid, final judgment on the merits, barring the appellant from pursuing an identical claim under R.C. 4112.01(I)); *Marrie v. Internatl. Local 717*, 11th Dist. Trumbull No. 2001-T-0046, 2002-Ohio-3148, ¶ 34 (although appellant's former lawsuit was based on a violation of the ADA while the instant lawsuit was based on a violation of R.C. Chapter 4112, the discrimination claims clearly arose out of the same facts and could have been litigated in the federal lawsuit pursuant to that court's supplemental jurisdiction).

14

**{¶61}** This is not a case such as *Johnson v. Cleveland City School Dist.*, 8th Dist. Cuyahoga No. 94214, 2011-Ohio-2778, where the appellant did assert her state claims in the federal action, and the federal court specifically declined to exercise jurisdiction over them. *Id.* at ¶ 43. In other words, where it is simply a jurisdictional issue, there is no decision on the merits, and claim preclusion does not apply. *See, e.g., id.; Ohio Kentucky Oil Corp. v. Nolfi*, 2013-Ohio-5519, 5 N.E.3d 683, ¶ 25-27 (5th Dist.) (the appellants availed themselves of all the various grounds for relief in the first proceeding, but the federal court clearly declined to exercise discretionary jurisdiction over state claims; thus, it would be unfair to preclude them from a second action).

**{¶62}** Ms. Glenn contends her ancestry claim was never decided on the merits; however, her state law claim existed at the time she filed her federal claim in federal court. In fact, Ms. Glenn filed an EEOC claim while *Glenn I* was pending and received a right-to-sue letter. Ms. Glenn, however, did not inform the federal court and update her federal claim, nor did she add a state law ancestry claim that would have allowed the federal court to exercise supplemental jurisdiction. Instead, she attempted to dismiss her federal ancestry/ethnic discrimination claim by not including it in her proposed amended complaint, waited until the federal court dismissed her claims of age and ethnic discrimination—with prejudice—and then filed her state law claim in the instant case.

**{¶63}** Thus, the linchpin of finding Ms. Glenn's ancestry claim barred by res judicata is the fact that she *could have and should have* raised this claim in *Glenn I*. "The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Natl. Amusements*, *supra*, at 62. *See also Rivers v. Barberton Bd. of Edn.*, 143 F.3d 1029, 1032 (6th Cir.1998) (It is of no consequence whether the Title VII claim was dismissed on the merits in the first case so

15

long as some relevant portion of the first case was dismissed on the merits; this was a final decision on the merits of the race-discrimination claim by a court of competent jurisdiction, not only as to those legal theories, but also as to any other legal theory under which that claim might have been litigated).

{¶64} Most fundamentally, Ms. Glenn did not appeal the federal court's decision.

{¶65} Similarly, although Ms. Glenn attempted to raise a state law claim for age discrimination in her proposed amended complaint, over which the federal court declined to exercise supplemental jurisdiction, her federal age discrimination claim was decided on its merits and dismissed with prejudice, i.e., the federal court found her claim futile because she failed to allege a compensable injury.

{¶66} In sum, Ms. Glenn raised similar claims of age and ancestry discrimination arising out of the same operative facts against the same party, which were previously dismissed with prejudice; therefore, her claims are barred by the doctrine of res judicata.

{¶67} Ms. Glenn's first assignment of error is without merit.

### Exhaustion of Administrative Remedies

{¶68} In her second assignment of error, Ms. Glenn contends the trial court erred by finding her age discrimination claim based on constructive discharge is barred because she failed to exhaust administrative remedies.

{¶69} As previously noted, R.C. 4112.02 was amended by ELUA effective April 15, 2021 (while *Glenn I* was pending). Prior to ELUA, Ohio law did not require exhaustion. *See Showman v. Q Corporate Holdings, LLC*, N.D.Ohio No. 1:23-cv-00986, 2024 WL 149754, *5 (Jan. 12, 2024).

{¶70} Now, pursuant to R.C. 4112.052(B)(1):

16

Case No. 2023-T-0067

{¶71} "[A] person may file a civil action under this section alleging an unlawful discriminatory practice relating to employment * * * only if the person satisfies both of the following conditions:

{¶72} "(a) The person *has first filed a charge* with the Ohio civil rights commission under section 4112.051 of the Revised Code with respect to the practice complained of in the complaint for the civil action within the time period required under that section.

{¶73} "(b) One of the following occurs:

{¶74} "(i) The person receives a notice of right to sue from the Ohio civil rights commission pursuant to section 4112.051 of the Revised Code.

{¶75} "(ii) The person has requested a notice of right to sue from the Ohio civil rights commission, and the commission fails to issue the notice of right to sue within forty-five days after the date the commission is permitted to grant the request under division (N) of section 4112.051 of the Revised Code.

{¶76} "(iii) The Ohio civil rights commission, after a preliminary investigation conducted pursuant to a charge filed under section 4112.051 of the Revised Code, determines that it is probable that an unlawful discriminatory practice relating to employment has occurred or is occurring and the complainant, after being informed by the commission of the right to file a civil action under this chapter, elects to file a civil action and notifies the commission of that fact." (Emphasis added.)

{¶77} R.C. 4112.052 provides an exception to the exhaustion requirements in R.C. 4112.052(B)(1) if the person seeks only injunctive relief or the person timely filed a charge with both the OCRC and the EEOC and received an EEOC notice of right to sue based on the EEOC charge. *See* R.C. 4112.052(B)(2) and (B)(3).

17

{¶78} At the outset, we note that Ms. Glenn did not satisfy her burden on summary judgment to introduce any materials of evidentiary quality or otherwise. Thus, while she cites a notice of right to sue from the OCRC on her age discrimination claim, there is no such document in the record.

{¶79} Ms. Glenn filed her initial age discrimination claim with the OCRC on February 16, 2021, shortly after she commenced her federal action in *Glenn I*. On September 30, 2021, the OCRC sent Ms. Glenn a letter of determination that it was not probable the Board engaged in an unlawful discriminatory practice and dismissed her claim. In November 2022, in *Glenn I*, the federal court dismissed the case with prejudice. On December 12, 2022, Ms. Glenn sent the Board her notice of resignation, effective February 1, 2023. On January 24, 2023, Ms. Glenn commenced the instant case by filing a complaint in the Trumbull County Court of Common Pleas.

{¶80} ELUA does not apply retroactively. *See Williams v. Barton Malow Co.*, 581 F.Supp.3d 923, 928 (N.D.Ohio 2022) (there is no language in H.B. 352 indicating that the legislature intended it to apply retroactively; therefore, it fails the first part of the retroactivity analysis and cannot be applied retroactively).

{¶81} The question remains, however, whether Ms. Glenn should have filed a new constructive discharge claim with the OCRC before she commenced the instant action pursuant to ELUA, which was in effect at the time she gave her notice of resignation.

{¶82} In *Green v. Brennan*, 578 U.S. 547, 136 S.Ct. 1769, 195 L.Ed.2d 44 (2016), the Supreme Court of the United States explained that "[a] claim of constructive discharge * * * has two basic elements. A plaintiff must prove first that he was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign. * * * But he must also show that he actually resigned. [*Pennsylvania*

18

*State Police v. Suders*, 542 U.S. 129, 148, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004)] ('A constructive discharge involves *both* an employee's decision to leave and precipitating conduct ...' (emphasis added)). In other words, an employee cannot bring a constructive-discharge claim until he is constructively *discharged.* Only after both elements are satisfied can he file suit to obtain relief." *Id.* at 555.

{¶83} The Supreme Court went on to hold that the limitations period "should begin to run for a constructive-discharge claim only after a plaintiff resigns." *Id.* "At that point – and not before – he can file a suit for constructive discharge" because only at that point does he have a "'complete and present' cause of action." *Id.* In other words, "for a constructive discharge, the claim does not exist until the employee resigns." *Id.* at 562. The court further clarified that the limitations period begins to run on the date the employee gives notice of his intent to resign, not on the date of resignation. *Id.* at 564.

{¶84} Ms. Glenn argues that she did not have to file a new claim of constructive discharge with the OCRC and that it simply relates back to her original claim and amends her claim for damages.

{¶85} There is sparse case law interpreting the new ELUA amendments. However, this issue has been raised in federal court for the purpose of filing such claims, albeit with the EEOC. *See* R.C. 4112.052(B)(3) (finding a claim filed in the EEOC analogous to a claim filed with the OCRC); *Wescott v. Associated Estates Realty Corp.*, 11th Dist. Lake Nos. 2003-L-059 and 2003-L-060, 2004-Ohio-6183, ¶ 28, quoting *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civ. Rights Comm.*, 66 Ohio St.2d 192, 196, 421 N.E.2d 128 (1981) ("[w]hen an individual brings a discrimination claim in Ohio for violating R.C. 4112.02, the Supreme Court of Ohio has held that 'federal case law interpreting Title VII * * * is generally applicable * * *'").

Case No. 2023-T-0067

{¶86} Thus, in *Friedman v. McDonough*, N.D.Ohio No. 1:23-cv-00507-DAP, 2023 WL 6794367 (Oct. 13, 2023), the United States District Court for the Northern District of Ohio was confronted with the issue of whether a separate claim of constructive discharge needs to be filed in an already existing claim of discrimination. The court explained that "[i]n order to show a claim of constructive discharge is within the scope of the original EEOC investigation, a plaintiff must show a specific amendment of the charge to include a constructive discharge claim, or extensive factual allegations of intolerable working conditions which clearly point to the unnamed legal conclusion that a constructive discharge has occurred. [The plaintiff] has provided neither. He did not include this claim in his original EEOC charge or allege intolerable working conditions, thereby alerting the EEOC investigator of the potential for such a claim. In short, Plaintiff failed to administratively exhaust his constructive discharge claim." (Internal citation omitted.) *Id.* at *3.

{¶87} The court rejected the plaintiff's argument that the "exhaustion requirement is not meant to be overly rigid and should be liberally construed to encompass all claims reasonably expected to grow out of a charge of discrimination." *Id.* The court noted that there was no evidence of conduct supporting the plaintiff's constructive discharge claim during the EEOC's investigation of the plaintiff's discrimination claims. *Id.* Most fundamentally, the plaintiff chose to resign months after filing his EEOC charge for age and religious discrimination. *Id.* at *4.

{¶88} Ms. Glenn's claim of constructive discharge arose almost one and a half years after the OCRC found no probable cause on her age discrimination claim, after her claim for age discrimination was dismissed with prejudice in *Glenn I*, and well after ELUA was passed. Thus, we agree with the trial court that under these circumstances, Ms.

20

Glenn was required to file her claim of age discrimination/constructive discharge with the OCRC prior to filing the instant case. As such, she failed to exhaust administrative remedies pursuant to R.C. 4112.052.

{¶89} Ms. Glenn's second assignment of error is without merit.

**Election of Administrative Remedies**

{¶90} In her third assignment of error, Ms. Glenn contends the trial court erred by determining her claim for age discrimination was barred because she first elected an administrative remedy pursuant to former R.C. 4112.08.

{¶91} Since we found Ms. Glenn's age discrimination claim barred by claim preclusion, Ms. Glenn's third assignment of error is moot, and we decline to address it. *See* App.R. 12(A)(1)(c); *Harris v. Rossi*, 2018-Ohio-4573, 123 N.E.3d 284, ¶ 72 (11th Dist.) (because summary judgment was proper under appellant/cross-appellee's assignment of error, appellee/cross-appellant's assignment of error alleging that summary judgment was warranted on an alternative basis was moot); *Rufener v. Akron Bass Co.*, 9th Dist. Wayne No. 95CA0010, 1995 WL 434391, *3 (July 19, 1995).

{¶92} Ms. Glenn's third assignment of error is overruled since it is rendered moot by our disposition of her first assignment of error.

{¶93} The judgment of the Trumbull County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, P.J.,

JOHN J. EKLUND, J.,

concur.

21

Case No. 2023-T-0067